ORLEANS,
August,
1839.

NEHEMIAH BOUTWELL *v.* MASON & SCOTT.

The party making a payment, has the right to direct to which of two or more claims it shall be applied.

If the debtor do not, at the time of payment, direct the application, the right of application belongs to the creditor.

Where money was paid with directions to apply part of the amount in payment of a small note, and the balance upon a larger note, and the creditor applied the whole upon the large note ; it was held,

1. That the small note must be considered as paid.

2. That the indorsement, if made in good faith, was to be considered in determining what court had jurisdiction of an action upon the larger note.

ASSUMPSIT, on a promissory note, dated December 31, 1836, given by the defendants to the plaintiff for $113,63, payable on demand, with interest annually, on the back of which note, under date of February 23, 1838, was an indorsement of $40.

Plea, the general issue.

The action was commenced before a justice of the peace, and came by appeal, to the county court.

Upon the trial in the county court, the defendant, with a view to show that the county court had no appellate jurisdiction of the case, proved that, at the time of plaintiff's receiving the said sum of $40, he held the note declared upon, and another note for the sum of $25, signed by the defendant Mason, alone, both which notes had become payable ; that the defendant sent the said $40, by a third person, to the house of the plaintiff's son, the agent of the plaintiff, where the plaintiff was then supposed to be, with directions to said third person, to pay and take up said note of $25, and have the balance of said $40, applied upon the note now in question ; that when said third person arrived at the house of the plaintiff's son, the plaintiff was absent with said notes, but was expected soon to return ; that the message and directions aforesaid were made known to the plaintiff's son, aforesaid, who received said $40, and executed a receipt therefor, wherein the money is expressed to have been received, " on notes that Nehemiah Boutwell holds against H. Mason ;" that the plaintiff soon after returned, when his said son delivered to him the money aforesaid, informing him what directions, or request, had been left, as to the manner of its

application, and of the purport of the receipt so given. The plaintiff then remarked he should apply the money upon the note in question, and accordingly indorsed the same upon said note.

ORLEANS,
August,
1839.

Boutwell
v.
Mason &
Scott.

Upon these facts the defendant moved the court to dismiss the suit for want of appellate jurisdiction; but the motion was overruled, and judgment rendered for the plaintiff to recover the balance of the said note, after deducting the indorsement. To which decision the defendant excepted.

, Cooper & Redfield, for the defendant, cited the Bank of Middlebury v. Tucker, 7 Vt. R. 144. Stevens v. Howe, 6 Vt. R. 177. Catlin v. Aiken, 5 do. 160. Scott & Co. v. Sampson, 9 do. 339. Phelps & Bell v. Wood, do 390.

The sum actually due governs the jurisdiction on a note indorsed by mistake. Southwick, Cannon & Warren v. Merrill, 3 Vt. 320. Bates v. Downer, 4 id. 178.

N. S. Hill, for the plaintiff, cited the act of November 3, 1823, (1 Vt. Stat. 140, No. 10,) and the case of the Bank of Middlebury v. Tucker, 7 Vt. R. 144, and Stone v. Winslow, do 338.

The opinion of the court was delivered by

REDFIELD, J.—It is a well settled rule of law, that the party paying money, has the right to direct the application of it. Goddard v. Cox, 2 Strange, 1194. 13 Petersdoff's Ab. 246. 2 Saund. R. 415, note b., and cases cited. This results from one of the most obvious principles of human action, that a free agent may annex such conditions to an offer as he sees fit; and he who accepts the offer, takes it subject to those conditions. It is true this appropriation must be made at the time of payment, and if not done, the creditor may make such application of the money as he will, unless the circumstances under which it was paid show an intention on the part of the debtor to have it applied to some particular demand. Newmarch v. Clay, 14 East. 239. 2 Starkie's Ev. 6th Ed. 598, note b. In the present case it is evident the application of the payment was so directed, by the debtor, that the creditor must be bound by it. If he did not intend to make the application directed, he should have returned the money. His keeping it, under the circumstan-

Orleans,
August,
1839.

Boutwell
v.
Mason &
Scott.

ces, will oblige him to apply it, as directed. The note for twenty-five dollars, signed by Mason only, must be considered as paid and only the sum remaining of the forty dollars, as to be justly applied to the note now in suit. And had the plaintiff made this application only, the suit would not have been within the jurisdiction of the justice.

But we have no doubt the indorsement of the entire sum was made in perfect good faith. Indeed it must be so considered, unless the contrary is shown by the bill of exceptions. And the jurisdiction in actions upon promissory notes does not depend upon the sum due; but upon the sum, which shall " *appear*" to be due " either by the plaintiff's declaration or the indorsement on the notes." In the *Bank of Middlebury* v. *Tucker*, 7 Vt. R. 144., it was held that where the note by " actual payments," although not indorsed upon the note, was reduced below $100, a justice had jurisdiction. I apprehend that payments, not indorsed upon a note, in order to affect the question of jurisdiction, must be such payments as are acknowledged by the plaintiff. If there is a controversy, in regard to such payments, although the defendant shall finally establish them, and thus show, that the sum actually due upon the note, at the time the suit was brought, was less than $100, the jurisdiction of the county court, over such action, would still be maintained. In *Southwick, et al.* v. *Merrill*, 3 Vt. R. 320, the rule of jurisdiction, in regard to notes, was extended to the case of debt upon judgment, and it was held, that where, by payments, indorsed upon the execution, it " appeared that a less sum, than $100, was due," the county court had not jurisdiction of the action although the original judgment exceeded that sum. In the present case it did appear, both by the plaintiff's declaration and the indorsement on the note, that the sum due thereon was less than $100. By the very terms of the statute then, the justice had jurisdiction, unless the indorsement was made under such circumstances as to be disregarded. The court are not, at present, called upon to decide whether making a mere voluntary indorsement upon a note, without any belief of having received payment, and for the mere purpose of bringing the case within the jurisdiction of a justice, will enable the party to choose his own

tribunal. In all actions of tort, and that class of actions up- on contract, where the damages are uncertain, the plaintiff may always bring his action before a justice of the peace, by limiting the claim in his declaration to $100. This is, in some sense, permitting the party to elect between two tribu- nals. This right the statute has conferred. And whether the extension of the same rule to the case of notes, when the action is still appealable, would work any practical in- justice, is more than we can know, at present. But where the indorsement is made in good faith, the party, at the time, supposing he was fully justified in making such application of money paid to him ; the court will not, for a mistake in law, dismiss his suit and turn him over to another jurisdic- tion, where the mistake operates against the plaintiff, and he is still willing to abide by its consequences.

ORLEANS,
August,
1839.

Boutwell
v.
Mason &
Scott.

Judgment of county court affirmed.