### HEZEKIAH AYER *v.* STEPHEN HAWKINS.

Where the plaintiff held notes against the defendant, which were dated more than six years before the commencement of his action, and the jury found the fact, that within six years the defendant made a general payment to the plaintiff on account of some one, or more, of the notes, or of the indebtedness manifested by them, it was held, that a promise of farther payment must be implied. It is not essential, that the defendant should have recollected the giving of the notes, at the time of making the payment, if he was aware of the indebtedness for which they were given, and acted with reference to it.

If a debtor, owing several demands to his creditor, make a general payment, and neglect to direct its application, the right of designation belongs to the creditor; yet he must make an application, to which the debtor could not justly or reasonably object. Therefore, where the demands consisted of three notes, all of which were barred by the statute of limitations, and the debtor made a general payment, it was held, that the creditor might apply it upon which note he pleased, and that he might indorse it, if he so chose, upon the largest note, although it was subsequent, in date, to the others, and that the effect would be to take the note, upon which the application was made, out of the statute of limitations,—but that he could not divide the payment among all the notes, indorsing a part on each, and claim that all were thereby taken out of the operation of the statute.

ASSUMPSIT upon three promissory notes. Pleas, the general issue and statute of limitations, and trial by jury,—REDFIELD, J., presiding.

On trial it appeared that the notes were executed more than six years previous to the commencement of the action. The plaintiff then proved a conversation between himself and the defendant, in which the defendant in effect admitted, that he had paid twenty dollars to the plaintiff in 1841,—that the plaintiff, in the same conversation, told the defendant he had indorsed the money upon the notes, and asked defendant if he had done right in so doing,—and that the defendant replied, he knew nothing about any notes. It appeared that the plaintiff had divided the twenty dollars among all the notes sued, indorsing a part upon each. The defendant insisted that he was entitled to a verdict, upon this evidence; but the court decided, that the evidence must be submitted to the jury. The defendant

Ayer v. Hawkins.

then introduced evidence, tending to prove that the twenty dollars were loaned by him to the plaintiff.

The court charged the jury, that if, from the evidence, aside from the indorsement upon the notes,—which, being in the hand writing of the plaintiff, was not evidence in his favor,—they were satisfied, that the defendant paid to the plaintiff twenty dollars, to apply towards debts which he owed the plaintiff, and gave no directions, at the time of payment, upon what it should be applied, it thereby became the right of the plaintiff to make the application upon such claims, as he had against the defendant, in any of the ordinary modes of making such applications,—but not in an extraordinary and unreasonable manner; that, there being no evidence that the plaintiff had any other demands against the defendant, upon which this money could apply, except the notes in suit, they might infer, that it was intended to apply upon the notes, or some one of them, and if so, that it would remove the bar of the statute of limitations as to such note, or notes; but that the plaintiff could not apply a portion of the payment upon each note, and thus take all out of the statute; that the most he could do would be to apply it upon that one of his demands, which would be most favorable to himself; and that, as all the notes were barred by the statute, the plaintiff would be justified in making the application upon the largest note, although it was the most recent in date, if there was nothing from which it could be ascertained upon which particular note the defendant intended the application to be made.

Verdict for plaintiff for the amount due upon the largest note. Exceptions by both parties.

*T. Bartlett* for defendant.

The defendant insists, that the evidence has no legal tendency to prove that he let the plaintiff have $20 to apply on these notes, or either of them.    Instead of this it proves the contrary; for the defendant, when asked by the plaintiff whether he had done right in indorsing the money on the notes, replied that he knew nothing about any notes.    Because the plaintiff shows no other claim against the defendant, it is by no means to be inferred, that the money was to be applied on *these notes,* in the absence of all direct evidence to that point.

*G. C. & E. A. Cahoon* for plaintiff.

1. The court below decided correctly, in referring the plaintiff's evidence to the jury. The sufficiency of admissible evidence is a question for the jury. *Forbes et al.* v. *Davison,* 11 Vt. 660.

2. The instruction by the court to the jury, that the application of the payment must be confined to one note, in the absence of any direction by the debtor, was erroneous. There is no evidence, which shows any intention on the part of the debtor, relative to the application of the payment made by him. It was a *general payment;* and in such case the creditor may, at any time before a controversy arises, make such application as he sees fit. Cro. Eliz. 68. 3 Stark. Ev. 1093, n. 1. *Briggs* v. *Williams,* 2 Vt. 283. 4 Cranch 317. 9 Wheat. 720. *Robinson et al.* v. *Doolittle et al.,* 12 Vt. 246. *Rosseau et al.* v. *Cull et al.,* 14 Vt. 83. *Brewer* v. *Knapp,* 1 Pick. 332. *Washington Bank* v. *Prescott,* 20 Pick. 339. *Blackstone Bank* v. *Hill,* 10 Pick. 129. *Bosanquet* v. *Wray,* 6 Taunt. 597. "If neither party elect, the law will make the application; which requires that the debts, which have the most precarious security, should be first extinguished; and the courts are bound to carry into effect the object of the law, that is, *so to apply the payment, that the creditor may obtain satisfaction for his debt.*" Turner, J., in *Briggs* v. *Williams,* 2 Vt. 283. It would be singular, if the creditor were forbidden to make the same application for himself, which the law will compel the court to make for him, viz. in such manner, *as to obtain satisfaction for his debt.*

The jury having found that the $20 passed from the defendant as *payment,* we insist, that it not only removes the statute bar from, but, in the absence of restricting or qualifying circumstances, amounts to an acknowledgment of, a *general indebtedness,*—not upon one note merely, but upon all; for all constitute but *one indebtedness,* which is reduced by the amount of the payment.

The opinion of the court was delivered by

Royce, J. The questions saved for the consideration of this court relate exclusively to the second ground of defence;—1, Whether the facts appearing in the case were sufficient to warrant the implication of a new promise to pay all or any of the notes in suit,—and 2, Whether the plaintiff could avoid the effect of the statute as to all

the notes, by dividing and distributing the payment in the manner which the case discloses.

It has been too long settled to admit of present discussion, that part payment of a debt barred by the statute, if made without protestation against farther liability, is a recognition and acknowledgment of such debt at the time of making the payment, from which a promise to pay the residue shall be implied. Hence we have only to inquire, under this branch of the case, whether the sum of twenty dollars, which passed from the defendant to the plaintiff in 1841, constituted such an unconditional payment upon all or either of these notes. The jury have negatived the pretence, that it was advanced as a loan; and there is surely no ground to suppose it intended as a gift. It must, therefore, be taken to have been a payment upon some existing indebtedness. And as no evidence tended to show the existence of any claim whatever, aside from the notes, it was a legitimate inference, and, indeed, the only one which could properly be drawn, that the payment was made on account of some one or more of the notes, or of the indebtedness manifested by them. It is not essential, that the defendant should have recollected the giving of the notes, if he was aware of the indebtedness for which they were given, and acted with reference to it. And these facts, at least, are established by the verdict. A promise of farther payment was consequently to be implied, and it remains to be determined how far the implication should be carried. This involves the second question presented.

A party paying money may always accompany the payment with directions to govern its application. If he owes his creditor several debts, he may apply the payment to either. In this the authorities all concur. And it is a rule equally well settled, that upon the neglect of the debtor to direct an application of the payment, the right to make it generally devolves upon the creditor. There is also a third case, where both parties neglect the application, and where the law is left to make it upon principles of equity and justice; but that case may be passed without remark on this occasion, as it is not now before the court. At present we have only to inquire, how a creditor, holding several demands against the same debtor, is at liberty to appropriate a general payment. The rules upon this subject were not established with any primary reference to

such a state of things as existed in the present case, where all the demands of the creditor were barred by the statute. Yet cases have occurred, where his demands were of different degrees, where they were differently and unequally secured, where a part were barred by the statute of limitations, and where some were legal demands and others merely equitable. And he has been allowed to apply payments upon either of such demands, when the debtor has omitted to give any direction; Chit. Cont. 753; 13 Petersd. Ab. 247; and cases there cited. His right may not be free from doubt, however, in either of the two cases last mentioned; in the last it has been much questioned.

But though it is usually said, that the creditor may apply such a general payment as he pleases, there are many cases, where he is not indulged to this extent, even in the absence of any express direction from the debtor. The right to direct the application being universally conceded to the debtor in the first instance, regard is still had to his intention in the matter, whenever the facts and circumstances render that intention sufficiently clear and certain. Chit. Cont. and Petersd. Ab. *ut supra. Newmarch* v. *Clay,* 14 East 239. It has even been decided, that the creditor never acquires the right to apply such a payment with a view merely to his own interest or convenience, unless the debor has had an opportunity to direct its application; as if the money comes to the creditor without having passed through the hands, or under the control, of the debtor. Chit. Cont. 757, and cases cited. All this is sufficient to show, that the right of designation among the creditor's demands is essentially the right of the debtor. And hence, if he silently waives it in favor of the creditor, it should be intended that he does so relying upon a mode of application to which he could not justly or reasonably object.

But the course which the plaintiff pursued in this instance, by distributing the payment upon all his demands, and thus seeming to preclude all defence under the statute as to either, was such as he doubtless knew was not anticipated and would not be approved or sanctioned by the defendant. It is entirely without precedent, so far as I have discovered, among the numerous cases reported on this subject. And we are fully convinced, that it has not produced the effect designed. The plaintiff was at liberty to select any one, even

the largest, of the notes, and apply the payment upon it; for so much had been yielded to him by the defendant. And the defendant must be taken to have understood, that his legal liability upon such note would be thereby revived. But beyond this his presumed intention or expectation cannot justly be extended. As the charge of the judge was in accordance with these views, and the plaintiff was enabled to recover to the extent of his legal right, there is no apparent error to be corrected, and the judgment below is affirmed.