## TREADWELL *versus* MOORE.

A debtor, when paying money, has the right to appropiate it to any one of the creditor's demands.

If he appropriate it, though to a claim arising for a violation of law, the Court cannot afterwards transfer its appropriation to a debt lawfully existing.

But, if no appropriation be made, the law will apply it to that one of the creditor's claims which is legal, in preference to one which is not collectable in law.

ON EXCEPTIONS from the *District Court*, HATHAWAY, J. presiding.

ASSUMPSIT on an account for groceries, $37,51. The defendant introduced some receipts from the plaintiff amounting to $38, " to be allowed on account."

A witness testified that, beside the grocery bill, the defendant had purchased of the plaintiff a quantity of spirituous liquors, charged on another bill, to the amount of $53,88, and that the receipts for $38 were for moneys paid on account of the liquors. On the question, whether the plaintiff had license to sell liquors, no evidence was given.

The Judge instructed the jury that, in the absence of op-

Treadwell *v.* Moore.

posing proof, the plaintiff had a right to sell the liquors, but, if the evidence satisfied them, that the plaintiff sold the liquors in violation of law, then the moneys for which the receipts, (amounting to $38,) were given, should be appropriated to the account for the groceries, and the verdict should be for the defendant.   The plaintiff excepted.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, and APPLETON, J. J., was drawn up by

APPLETON, J. — The defendant having been sued for the amount of a bill of groceries, the items of which were admitted, offered by way of defence, receipts signed by the plaintiff "to be allowed on account," for a sum exceeding the claim demanded in this suit.   Were the case to end here, the defence would seem to be established.   But from the evidence introduced, it further appeared, *that* the plaintiff, beside his grocery bill, had other dealings with the defendant ; *that* he had sold him at different times spirituous liquors, which were to have been paid for on delivery, but were not ; *that* these liquors were not charged on his books with the other articles sold ; *that* when sold they were entered on bills, and, *that* this course was adopted because otherwise, as the witness testified, the bill for groceries could not be collected by law. There was evidence tending to show, that the receipts produced by the defendant were for sums of money paid specifically at the time towards the liquors, which he had purchased.

No principle of law is better settled than that receipts are open to explanation by parol evidence.   If the sales of the groceries were to be deemed separate and distinct transactions, in good faith and with no design to evade the salutary provisions of the stat. ch. 205, approved August 7, 1846, "to restrict the sale of intoxicating drinks," then it would become an important question for the jury to determine to the payment of which account the defendant had appropriated the money, by him paid, and for the purpose of ascertaining this, parol proof was properly admitted.   It may be observed, that

the law never interposes to designate the appropriation of payments, except upon and after the neglect of the debtor and creditor to act.   The debtor has, in the first instance, the right to apply the payments in reduction of any claim whatsoever.   The claim may be one which the law will not enforce, it may be in violation of its provisions, and the party paying may have the right to recover it back, still the money must be applied by the party receiving it, as the debtor when making the payment shall direct.   When however the creditor has two demands, one recognized by law, the other arising on a matter forbidden by law, and an unappropriated payment is made, the law will afterwards apply it in discharge of the demand which it acknowledges, and not that which it prohibits.   *Wright* v. *Loring*, 3 B. & C. 172.   The receipts offered were equivocal, and their application indeterminate. It should have been left to the jury to determine, whether the sales of the liquors and groceries were to be deemed as parts of one transaction, or as separate and distinct, and if distinct, then it would remain for them to ascertain towards the settlement of which bill these payments have been made, and if in payment of the bill for liquors, the jury should have been instructed, that as they were not filed in set-off, the defendant could not derive any benefit from them by way of defence.

Instead of submitting to the jury the determination of these facts, under appropriate directions in matters of law, the presiding Judge instructed the jury, " that if there was evidence, that satisfied them that he sold the liquors without license and in violation of law, then the money paid by the defendant, for which receipts were given and which the defendant claimed to have allowed in this action, should be appropriated in payment of the account sued."   This instruction applied to a finding of the jury establishing the facts, that the sale of the liquors were separate transactions, and that the payments were made in discharge of the bill for liquors, and required the jury, in such case, to appropriate the money received in payment of an illegal, to the liquidation of a legal sale, towards which it

had never been paid. It is difficult to perceive upon what grounds this view of the law can be sustained. The defendant may recover back the money thus paid, by instituting a suit under the provisions of. the eleventh and twelfth sections of the Act before referred to. The claim 'thus arising might, perhaps, have been filed in set-off, and the defendant have thus received the benefit of it in satisfaction of the plaintiff's claim. But this he has not done. No case can be found where the law by its own vigor has withdrawn a payment deliberately applied to the discharge of a claim, however illegal, and appropriated it in payment of some legal claim existing against the individual making the payment. No such principle, as applicable to the appropriation of payments, is recognized. It would rather seem, that if the debtor should neglect to make any appropriation at the time of payment, that the creditor might apply the money received, in payment of a demand which could not be enforced at law, in preference to one which could be. The case of *Philpott* v. *Jones*, 2 Ad. & El. 41, resembles, in essential particulars, the case now under examination. In that case there were claims for spirituous liquors sold in less quantities than was permitted by the statute, and for the recovery of which no action could be maintained, as well as other items to which there were no objections. The debtor had made payment generally. It was insisted in the defence, that they should be applied to the legal portion of the plaintiff's claim. DENMAN, C. J. says, "the question is, whether the jury were warranted in saying that the former payment was on account of the spirits. The defendant made no appropriation of that payment; the plaintiff, therefore, might at any time elect to appropriate it to this part of his demand." *Crookshank* v. *Rose*, 5 C. &. P. 19. If a note tainted with usury has been paid, the debtor cannot apply the usurious excess in discharge of any note upon which he may be sued by the same creditor, unless he shall have filed his claim in set-off. It is immaterial how the defendant's claim may have arisen, whether by note, judgment, or under the provisions of a statute authorizing the recovery of money

because paid in violation of its provisions. The claims he may have, no matter what their origin, are all to be regarded as on the same footing. They may be enforced by suit, and the judgments may be set off by order of Court. If the counter claims which the defendant may have, were not in fact payments, the law cannot and will not so regard them.

It is urged that these payments may be treated as unappropriated, if they have been applied to illegal claims. But such is not the law. The money is none the less appropriated, though in violation of law and though the party paying may repent of such appropriation of his funds, and by suit recover them back. The law cannot disregard established facts and treat that as unappropriated, which all must perceive has been appropriated, but leaves the parties to the ample remedies provided for them. *Exceptions sustained.*

*New trial granted.*

*S. H. Blake,* for the plaintiff.

*E. C. Brett,* for the defendant.