## SAMUEL C. WHEELER *v.* NATHAN D. HOUSE.

### *Application of payments.*

If a debtor makes a payment to his creditor. who has two or more demands against him, each of which exceeds the amount paid. and makes no application of such payment, tho creditor is not authorized, without the approbation of the debtor, to divide the payment and apply a part of it on each demand.

ASSUMPSIT. The declaration contained the general counts; plea, the general issue, and statute of limitations; trial by jury, March Term, 1854,—POLAND, J., presiding.

The plaintiff claimed to recover the amount due upon two promissory notes, signed by the defendant, dated September 1, 1843, for $60.57 each, payable to the plaintiff on demand with interest annually; and to avoid the statute of limitations, he introduced testimony tending to prove that on the 18th day of October, 1847, he called upon the defendant with the above described note, and the defendant then made him a payment of $55.79, by executing a note for that sum to one William Cardell, (who was then present,) and that the plaintiff thereupon, in the presence of the defendant, endorsed one-half of said payment upon one of the notes and the other half upon the other; that the defendant said he did not care how he endorsed it, and that he might endorse it as he pleased; and that the defendant knew that the endorsement was then made upon the two notes and made no objection thereto. The defendant testified that at the time he made the payment above described, he gave no directions as to where it should be applied, and that he did not know but that it was all endorsed on one note, and that he gave no consent to have it endorsed on the two notes, and that the endorsement was read to him as one endorsement of fifty or fifty-five dollars and some cents.

The court, among other things not objected to, charged the jury that if, when the defendant made the payment of the $55.79, he gave no directions where to apply it, the plaintiff might apply it as he did, half upon one note and half upon the other, provided the circumstances were such as to make this application reasonable, such as the plaintiff might reasonably expect would be satisfactory to the defendant, and would be acceded to if known by him. To this charge the defendant excepted. Verdict for the plaintiff.

*L. L. Durant* for the defendant.

*M. H. Sessions* for the plaintiff.

The opinion of the court was delivered by

BENNETT, J. The plaintiff, in this action, seeks to recover the amount of two notes given in September, 1843, payable on demand, in bar of which the statute of limitations is plead. In October, 1847, the plaintiff, having the notes with him, called upon the defendant and he paid a certain sum, though not enough to pay one note, and the plaintiff endorsed one-half the sum paid on one note, and the other half upon the other of them.

The testimony, whether the application of the money so paid was by the approbation of the defendant, or not, was conflicting.

The jury were told that, if the defendant, at the time of payment, gave no direction where to apply the money, the plaintiff might apply one-half upon one note and the other half on another note, provided, under the circumstances, such an application would be reasonable, and such as the plaintiff might reasonably expect would be satisfactory to the defendant, if known to him. If the application had been made by the approbation of the defendant, he could not complain, but it was not put to the jury to find any such fact.

In the case of *Ayer* v. *Hawkins,* 19 Vt. 26, no direction was given by the debtor as to the application, and it was held that the creditor could not split up the payment and endorse a part of it upon one note and the residue of it upon others. Though in that case the debtor did not exercise his right to direct the application, yet it was held that all he yielded to the creditor, by such neglect, was the right that he might select upon which of the notes he would make the application, and the debtor would be bound by such a selection. Though in the case in the 19th of Vt., the statute of limitations had actually run upon the notes, when the endorsements were made, yet, we apprehend, the case before us is not to be distinguished, in principle, from that case.

In the one case, the statute of limitations had run, while in the other it was running, and if the splitting up the application of the payment is binding upon the debtor, the effect is to revive all the

notes upon which the application had been made for a period of six years from that time. It is well said in the case of *Ayer* v. *Hawkins,* "that the right of designation among the creditors' demands, is essentially the right of the debtor," and that " if he silently waives it in favor of the creditor, it should be intended that he does so, relying upon an application to which he could not justly or reasonably object." And it may be added, the debtor has the right to rely upon the application being made in the manner usually adopted in the course of business. Though it may be true, that, where the debtor, at the time of payment, neglects to direct its application, the right to make it generally devolves upon the creditor with certain limitations, and if he has more than one demand against the debtor, he may select the one upon which the application is to be made ; yet I am not aware of any case where the payment was not sufficient to cancel one demand, in which the creditor has been allowed to divide up the payment, and apply a part to one demand and a part to another; and, certainly, it is not in accordance with the usual course of business, to make such a divided application of a general payment. We think the case of *Ayer* v. *Hawkins* should govern this, notwithstanding the reasoning of the judge is, in some measure, grounded upon the fact that the statute had run, when the endorsements were made upon the notes. All the right which the defendant yielded to the plaintiff, was a selection upon which note he would endorse the payment, and a divided application of the payment is not to be presumed to have been within the intention of the parties, in the absence of proof. The court will, in the application of payments, carry out the intention of parties whenever that intention can be ascertained.

The judgment of the county court is reversed and the case remanded.