In re JAMES ROAKES, Insolvent, *v.* BAILEY & NEWCOMB, Claimants.

## *Insolvent.   Application of Payment.*

The intent of the debtor prevails over that of the creditor as to the application of payments ;  *and it may appear by implication;* thus, a partnership having dissolved, one of the partners succeeding to the business of the firm, an old debtor, without notice of the dissolution, and not having notice through the fault of the successor, continued to buy, and also to make payments supposing them to apply on the partnership debt,—the law will apply them as he intended.

APPEAL from the Court of Insolvency.   Heard by the court, March Term, 1882, REDFIELD, J., presiding.   The court reversed the judgment of the Court of Insolvency, and rendered judgment for Bailey & Newcomb for the full amount of their claim, and adjudged that all the payments made by said Roakes after May 4th, 1880, should be applied in reduction of the account of Newcomb, accruing after that date.   Roakes was an insolvent debtor. An assignee was settling his estate.   The partnership of Bailey & Newcomb was dissolved May 4th, 1880.   Newcomb was their successor.   Roakes was indebted to both.   Bailey & Newcomb had secured their debt by attachment more than sixty days before Roakes filed his petition in insolvency.   Newcomb and Bailey & Newcomb claimed that the payments should be applied as applied by Newcomb; the assignee and Roakes, that they should be applied on the debt of Bailey & Newcomb.   Bailey & Newcomb had a meat market in Montpelier village, and sold provisions to Roakes on credit; in most cases from their cart at his house. He made payments to them from time to time on account.   The business of the firm was done mostly by Newcomb and the men in their employ.   He continued to collect the old debts, to occupy the same place for business, and to employ the same help and team as the firm had.   Notices of the dissolution of the partnership were

published in two of the Montpelier weekly newspapers ; and the sign, " Bailey & Newcomb " was taken off from the door to the market, and the sign, " F. L. Newcomb," put in its place. Newcomb kept a new set of books with his customers, but used the old " pass-book " as stated in the opinion. The Court of Insolvency held that the payments should be applied *pro rata* towards the claims of Bailey & Newcomb and of Newcomb. The other facts are stated in the opinion.

*Geo. W. Wing*, for the assignee.

*T. R. Gordon*, for Roakes.
The payments should be applied on the debt of Bailey & Newcomb. The debtor's intent may be implied from the circumstances. 7 Waite Act. & Def. 414 ; 74 Ill. 238 ; 2 Met. 168 ; 5 Vt. 149 ; 24 Vt. 642 ; 23 Mo. 185 ; 1 Hill, 572 ; 1 Term, 332 ; 13 Vt. 15.

*Charles W. Porter*, for Bailey & Newcomb, cited on the application of payments. Rob. Dig. 524 ; 5 Denio, 470 ; 2 A. R. Mar. (Ky.) 277.

The opinion of the court was delivered by
POWERS, J. I. Upon the dissolution of a firm, its old customers lose no legal rights against it until they have notice in fact of the dissolution. A debtor paying money to his creditor has the primary and paramount right to direct the application of his money to such items or demands as he chooses. This direction may be given in express terms, or it may appear by implication from the circumstances of the transaction. If the debtor pays with one intent and the creditor receives with another, the intent of the debtor shall govern. If no application is directed by the debtor, the creditor may make it.

These general rules upon the subject are clearly deducible from the authorities. *Newmarch* v. *Clay*, 14 East, 240 ; *Tayloe* v. *Sandiford*, 7 Wheat. 14 ; *Boutwell* v. *Mason & Scott*, 12 Vt. 608 ; 1 Am. Lead. Cases, 329, *et sequentia*.

II.　Roakes had no notice of the dissolution of the firm of Bailey & Newcomb with whom he had dealt, and supposed the payments made to Newcomb were to apply on Bailey & Newcomb's account.

Bailey & Newcomb before the dissolution had entered upon a " pass book " held by Roakes the goods sold to Roakes, with the prices and also the cash paid on account by Roakes.　After the dissolution like entries on both sides of the account were made upon this book by Newcomb, the successor of Bailey & Newcomb. Roakes had no opportunity to direct in express terms the application of his payments after the dissolution, as he had no knowledge that there had been a dissolution.　He all the time supposed his creditor was Bailey & Newcomb.　He all the time intended that his payments should apply upon their account.　It was the fault of Newcomb that Roakes was ignorant of the dissolution, and Roakes cannot be deprived of the opportunity to elect where his payments shall go by the fault of his creditor.

When Newcomb, therefore, applied the payments made by Roakes after the dissolution to his own private account, he diverted the money from the destination that Roakes gave it.　This he could not do.　As said by Ch. J. REDFIELD, speaking of the creditor's right of application when the debtor gives no express directions, in *Boutwell* v. *Mason & Scott*, 12 Vt. 608, " The creditor may make such application of the money as he will, *unless the circumstances under which it was paid, show an intention on the part of the debtor to have it applied to some particular demand.*"　Here the circumstances show conclusively Roakes' purpose to pay Bailey & Newcomb and no one else.　The right of the creditor to make the application never existed.

The judgment of the County Court is reversed, and judgment for the claimants for the amount of their claim as established by the Court of Insolvency, less the payments made after their dissolution, the computation to be made by the clerk ; and it is ordered that this judgment be certified to the Court of Insolvency.