CORLISS & WAY *v.* HILAS GROW.

*Statute of Limitations.*

The law implies from the part payment of a debt a promise to pay the balance, unless such implication is rebutted by something that transpired *when* the payment was made; thus, W. had his own account, and also owned a partnership account, against the defendant, who had refused to pay the latter account. The defendant made a payment without direction or protestation of further liability, and the payment being more than enough to pay the personal account, the balance, about the time this suit was brought, was applied on the partnership account; *Held*, that there was an implied promise to pay the balance.

HEARD on a referee's report, December Term, 1883, ROWELL, J., presiding. Judgment for the plaintiff.

*John H. Watson*, for the defendant.

The plaintiff must show affirmatively that the bar of the statute is removed. Wood Lim. ss. 98, 116; *Biggs* v. *Roberts*, 85 N. C. 151.

If there is a disputed and an undisputed debt, or if there are two debts,—one barred by the statute and the other not barred,—a general payment on account will be of no avail at common law, under the statute, because it is left uncertain to which debt the payment was intended to be applied. But all the circumstances may be regarded to ascertain the intent of the debtor in making the payment, and see whether there is any evidence to show to which debt he intended it to be applied. *Tippetts* v. *Heane*, 1 C. M. & R. 252; *Wainman* v. *Kynman*, 1 Exch. 118; *Nash* v. *Hodgson*, 6 De G. M.

& G. 474; *Pond* v. *Williams*, 1 Gray, 630; Wood Lim. s. 109; *McIntire* v. *Cross*, 18 Vt. 451.

Way had no right to apply the $5.56 to the outlawed account. *Ayer* v. *Hawkins*, 19 Vt. 26; *Bancroft* v. *Dumas*, 21 Vt. 456; Story Eq. Jur. s. 459; *Caldwell* v. *Wentworth*, 14 N. H. 431; *Rohan* v. *Hanson*, 11 Cush. 44; *Hunter* v. *Kittredge*, 41 Vt. 359.

*J. K. Darling*, for the plaintiff.

A part payment of an account barred by the statute amounts to an admission by the defendant, that the account is unsettled, and removes the bar. *Hutchinson* v. *Pratt*, 2 Vt. 146; *Strong* v. *McConnell*, 5 Vt. 338.

A promise is implied from the payment to pay the balance. *Ayer* v. *Hawkins*, 19 Vt. 26; *Goodwin* v. *Buzzell*, 35 Vt. 9; *Phillips* v. *Stewart*, 12 Vt. 256; *Bowker* v. *Harris*, 30 Vt. 424; *Aldrich* v. *Morse*, 28 Vt. 642; *Robinson* v. *Doolittle*, 12 Vt. 246; *Shed* v. *Wilson*, 27 Vt. 478; *Pierce* v. *Knight*, 31 Vt. 701; *Davis* v. *Smith*, 48 Vt. 52; *Chapman* v. *Goodrich*, 55 Vt. 354.

The opinion of the court was delivered by

ROYCE, Ch. J. The only question presented by the report of the referee is as to the legal effect of the payment of the $15, in July, 1879. At the time that payment was made, the plaintiff Way had an account of his own against the defendant, amounting to $9.44, and also the account of the plaintiffs which this suit is brought to recover for, and asked the defendant for some money on the *accounts.* Thereupon the defendant paid Way $15, which overpaid. Way's account $5.56, which sum was afterwards, and about the time this suit was brought, credited to the defendant by the plaintiffs.

No direction was given by the defendant as to the application of the money paid by him, and it does not appear that Way had any other accounts or claims at that time against

the defendant than those above mentioned. It has long been settled in this State that part payment of a debt barred by the statute, if made without protestation against further liability, is a recognition and acknowledgment of such debt at the time of making the payment from which a promise to pay the residue shall be implied. *Ayer* v. *Hawkins*, 19 Vt. 26. And upon the neglect of the debtor to direct the application of a payment made by him, the right to make it generally devolves upon the creditor. In the absence of any specific directions as to the application of a payment, the intent of the party making it, as ascertained from the circumstances under which it was made, may control the right to make it. Here there is no fact found that tends to show that the debtor intended any different application than the one that was made; so Way had the right to apply the money to pay his own account, and what remained as part payment of the account of the plaintiffs.

Part payment is an implied acknowledgment of the existence of the claim upon which the payment is made, from which the law implies a promise to pay the balance, unless such implication is rebutted by something that transpired when the payment was made. It is found that the defendant, when spoken to by Way about the account of the plaintiffs, had always insisted that he would not pay it, and claimed that there was enough money in the plaintiff Corliss' hands to pay it. It is not found that those claims were made at the time of the payment, and it was incumbent on the defendant to show that they were, in order to rebut the implication arising from the payment. If any presumption is allowable, it would be that the defendant did not deny his liability at the time when he was paying the money.

The judgment is affirmed.