JEREMIAH E. ADAMS, appellant,

*v.*

CORD MAHNKEN, respondent.

When creditors, holding a bond of their debtor, which contains a usurious agreement under the law of this state, and also other indebtedness of the same debtor unaffected by usury, receive payments from the debtor without direction as to their application, their right to appropriate such payments on their bond is limited to so much as was legally recoverable thereon, and their application of such payments in excess of that amount will not be sustained, but the excessive payments will be appropriated by the court to the debtor's other indebtedness.

On appeal from a decree of the chancellor, whose opinion is reported in *Adams* v. *Mahnken, 13 Stew. Eq. 373*.

*Mr. Jos. Alward*, for appellant.

*Mr. A. C. Hartshorne*, for respondent.

The opinion of the court was delivered by

MAGIE, J.

The bill of complaint alleged that the complainant (who is appellant here) had had dealings with Mahnken & Moorhouse, a firm of grocers doing business in New York, and in August, 1872, made with them a usurious agreement, whereby they loaned to him $2,000, and he gave, and they accepted, a bond and mortgage on property in New Jersey for $2,500; that complainant afterward gave them another bond and mortgage on New Jersey property for $2,000, and the old mortgage was surrendered and canceled; that the $2,000 bond and mortgage included the usurious bonus originally agreed on and was outstanding, being held by Mahnken, who had acquired Moorhouse's interest on a dissolution of the partnership. It also alleged that complainant

had subsequent dealings with the firm, and became indebted to them on open account, for which he gave the firm another mortgage, which Mahnken had also acquired; that by continued dealings with the firm, complainant became further indebted on open account, and about March 30th, 1881, gave to the firm an order drawn by William H. Adams on Allen C. Clark for $5,500, accepted by Clark, payable out of moneys that might be awarded to William H. Adams by the United States court of claims in suits pending in that court against the District of Columbia; that the order was given and received upon the agreement that the firm should should take it in payment of complainant's indebtedness and pay him the difference; that the firm then paid him $450, and promised to credit the order to him, to state and settle his account, to pay him the difference, and surrender the bonds and mortgages receipted and discharged. Complainant conceded that the usurious contract was made in New Jersey, and was governed by our laws respecting usury.

Mahnken, the respondent, alone answered the bill, and set up that the $2,500 bond and mortgage had been fully paid off by Adams before the $2,000 bond and mortgage were made; that the latter were made not for any part of the loan, but solely to secure Adams's indebtedness to the firm on open account arising from purchases of groceries. He denied that the order on Clark had been received in payment, or on an agreement that it should be credited to complainant, but averred that it was received solely as additional security for Adams's indebtedness to the firm, and that the $450 payment was exacted by Adams before he would deliver the order as such security. He also averred that nothing had been paid upon the order.

Two questions were thus presented to be settled by the proofs viz.: (1) whether the usurious contract was within the reach of the court, so that relief could be afforded for the bonus corruptly exacted for the loan of 1872; and (2) what was the agreement of the parties respecting the reception of the order on Clark.

Upon the last-named question, the conclusion of the chancellor was that the order was delivered and received, not as payment of, but only as security for, Adams's indebtedness. The proofs

on the subject were thoroughly reviewed by him in his opinion, and he has satisfactorily shown that the decided weight of the evidence is in favor of the conclusion he reached. I entirely concur in his view and in the reasons he has given in support of it, and find nothing to add to his full and satisfactory statement.

In respect to the question of the usurious bonus, the chancellor determined that the proofs show that only $2,000 were advanced on the bond and mortgage for $2,500, which were therefore tainted with usury. But he also found that that bond and mortgage had been paid off by Adams, and that the outstanding bond and mortgage for $2,000 included no part of the loan, but secured only other indebtedness of Adams. He further found that the $2,500 bond and mortgage were paid off in installments, the last payment having been made on January 9th, 1875. Since the bill was not filed until nearly eight years afterward, he concluded that a recovery of the usurious bonus was barred by the statute of limitations.

Without adverting to the fact—not noticed in the opinion below—that the defendant did not set up or rely on the statute of limitations, I find myself unable to agree to the conclusion expressed by the chancellor, which seems to me to have proceeded from a partial view of the transactions between the parties.

It is true that payments were made by Adams and received by the firm, which, if properly applied to the $2,500 bond and mortgage, discharged the whole principal and interest, including the bonus. It is also true that the firm attempted to apply those payments to that bond by entries in their cash book, and when its payment thus appeared complete, themselves procured the mortgage to be canceled of record. If the proofs showed that Adams had directed the payments to be so applied, or if, with knowledge of such application by the firm, he had ratified their acts in that respect, I think the conclusion would follow that the usurious bonus had been paid by the month of January, 1875, and the statute of limitations then began to run against its recovery.

But, in my judgment, this is not the transaction disclosed by

the proofs. While the $2,500 bond was outstanding, Adams was also a debtor of the firm on open account. I think it is beyond dispute that the payments in question were made by Adams without any direction as to their application upon one or the other indebtedness. Under such circumstances, the firm had a right to appropriate unapplied payments to either indebtedness, at their option. But this right was limited to such indebtedness as was not forbidden by law. The indebtedness on the $2,500 bond, under the facts proved and the law of New Jersey, had no legal existence beyond so much as had been advanced thereon. The contract, so far as the excess was concerned, was not only unenforceable, but void. Therefore, when the payments made by Adams, and appropriated by the firm upon the $2,500 bond, equalled the amount legally due thereon, then the right to appropriate future payments upon that bond ceased to exist. Payments thereafter made, which Adams did not apply, the firm could only apply on Adams's lawful indebtedness then existing. In the absence of such application, the court should require it to be made. *Rohan* v. *Hanson, 11 Cush. 44; Caldwell* v. *Wentworth, 14 N. H. 431; Treadwell* v. *Moore, 34 Me. 112; Ayer* v. *Hawkins, 19 Vt. 26; Bancroft* v. *Dumas, 21 Vt. 456; Wright* v. *Laing, 3 B. & C. 165; Duncan* v. *Helm, 22 La. Ann. 418; Smith* v. *Coopers, 9 Iowa 376.*

Upon the facts, the question is not whether Adams can recover a usurious bonus paid, but as to the proper application of payments as between an indebtedness prohibited by law, and a lawful indebtedness. In my judgment, Adams is entitled to have whatever the firm received and improperly applied on the $2,500 bond, credited upon his other indebtedness.

Since Adams's bill prays, among other things, for an account and the redemption of the outstanding mortgages held by Mahnken, appropriate relief may be afforded to him in this cause.

The decree below (which dismissed the bill) should therefore be reversed, and the record remitted, with directions to enter a decree in accordance with these views.

Appellant is entitled to the costs of the appeal.

For affirmance—REED—1.

For reversal—THE CHIEF-JUSTICE, DEPUE, DIXON, MAGIE, PARKER, VAN SYCKEL, BROWN, COLE, McGREGOR, PATERSON, WHITAKER—11.