## R. N. AUSTIN *v.* R. D. McCLURE.

*Statute of Limitations.   Payment.*

A payment that will operate to revive a debt barred by the Statute of Limitations must be a voluntary one and made with the intent that it should be applied upon such debt. *Corliss & Way* v. *Grow*, 58 Vt. 702, distinguished.

ASSUMPSIT upon a promissory note. Heard on a referee's report, April Term, 1887, Ross, J., presiding. Judgment for the defendant. The case appears in the opinion.

*Farrington & Post*, for the plaintiff.

What the defendant *supposed* or *intended* at the time he furnished the last three items of sugar, has nothing to do with the right of the plaintiff to apply the same on the note. This fact standing alone would not defeat the creditor's right to his money. The sugar was furnished to apply on the note, or in fulfillment of the defendant's obligation to support. It was voluntarily furnished for one purpose or the other. The note was a subsisting obligation on the part of the defendant to pay the plaintiff. On the other hand, by the terms of the contract, there was no subsisting obligation to furnish the sugar. The defendant was not bound to contribute towards the support of the plaintiff and his wife, unless they should *live to need help*. This was the condition precedent to right of demand to furnish. They did not need help until the fall of 1883, after the delivery of the sugar. Under these circumstances, the plaintiff had the same right to apply the last three items of sugar on the note as he had to apply the previous ones kept in the same manner ; and it is found that the defendant intended the sugar delivered previously as a payment on the note. Hence, the plaintiff

was left to, and did apply the sugar on the only legal obligation against the defendant. The fact that the referee did not find that the plaintiff had, at the time the sugar was delivered, an intention of applying it on the note, does not bar him from so applying it. *Corliss & Way* v. *Grow*, 58 Vt. 702.

The fact that whatever either party in such a case intended, does not affect the legal right of the party unless that intention was expressed. If not expressed then, although ever so forcibly held, the law will apply according to justice and equity.

It is not the secret intention of mind. It is the intention of mind expressed that determines the application to be made, or any intention inferred from the circumstances of the case. *Robie* v. *Briggs*, 59 Vt. 443 ; *Roakes* v. *Bailey & Newcomb*, 55 Vt. 542 ; *Early* v. *Flannery*, 47 Vt. 253 ; *Langdon* v. *Bowmen*, 46 Vt. 512 ; *Pierce, Clark & Co.* v. *Knight*, 31 Vt. 701 ; *Wheeler* v. *House*, 27 Vt. 735 ; *Ayer* v. *Hawkins*, 19 Vt. 26 ; *Rosseau* v. *Cull*, 14 Vt. 83 ; *Boutwell* v. *Mason & Scott*, 12 Vt. 608 ; *Briggs* v, *Williams*, 2 Vt. 283.

*John A. Fitch* and *Henry A. Burt*, for the defendant.

The statute bar is a full defence to this suit, unless the plaintiff has shown and the referee found affirmatively that the defendant made a payment to apply on the note within six years of the bringing of the suit. As tersely stated by Justice POWERS in *Cleveland* v. *Dinsmore*, 59 Vt. 436, the question of fact is, was it a voluntary payment upon the note, and was it understood by the defendant that it was to apply on the note. In other words, does either of said endorsements cover an intended payment on this note. It is not the payment, but the acknowledgment of a subsisting debt, and the promise which the law may imply from the circumstances under which the payment was made, that removes the statute bar. It is found that the defendant, when he delivered the sugar, did not intend or expect that it would be applied on the note. *Robie* v. *Briggs*, 59 Vt. 450.

The referee fails to find that the sugar was delivered or received as a payment upon any indebtedness, or that the plaintiff ever understood it as a payment in any sense. *Hayes* v. *Morse*, 8 Vt. 316; *Ayer* v. *Hawkins*, 19 Vt. 26.

The opinion of the court was delivered by

ROYCE, Ch. J. This is an action of assumpsit, brought to recover the amount due on a promissory note executed by the defendant made payable to the plaintiff, and dated November 26, 1866. The defence was the Statute of Limitations, and the case was heard upon the report of a referee. No question was made but what the plaintiff's right of recovery was barred, unless it was saved by the endorsements which appear on the note of April, 1880, 1881 and 1882. The referee has found that the said endorsements were made by the plaintiff at the same time and within two years of December 9, 1886; that the amounts represented by said endorsements were for sugar delivered by the defendant to the plaintiff during those years; that in June, 1879, the plaintiff told the defendant and his wife Jane, who was his daughter, that he intended to deed certain real estate to his son, R. A. Austin, and the said Jane, reserving to himself a certain farm; but on account of the financial difficulties in which the defendant was involved, he intended to deed said real estate to the said R. A. Austin with said reservation, and that when the defendant got his financial troubles straightened out the said R. A. Austin should deed one undivided half of said real estate to the said Jane, and that in part consideration therefor that the said R. A. Austin and the defendant and his wife were to support the plaintiff and his wife, in accordance with their station in life, if they should live to need help; that in accordance with said understanding the plaintiff, in June, 1879, deeded said real estate to the said R. A. Austin, and the said R. A. Austin, in accordance with the said agreement, on the 23d of January, 1880, deeded one undivided half of the same to the said Jane. There was no evidence that they needed help or support until the

fall of 1883, when the said Jane spent several weeks in taking care of her mother in her last sickness. That the sugar that was delivered by the defendant subsequent to June, 1879, was delivered, supposing and intending that it was to apply towards the support to be furnished in accordance with the agreement which had been entered into, and would be accounted for in the final settlement with R. A. Austin; but there was no evidence that such intention was made known to the plaintiff. The referee further found that the defendant did not deliver any of said sugar intending or expecting that it would be applied on said note; and that he is unable to find that the plaintiff received the sugar intending at the time to apply it on the note. Upon the facts so found it is to be determined whether the delivery of the sugar was a part payment from which a promise to pay the residue of the note might be implied. The defendant neither directed, intended, nor expected that it would be so applied, and it is not found that the plaintiff at the time he received it intended to so apply it; so that if the plaintiff had the right to treat it as part payment, it must have been under the rule of law that permits the creditor, in the absence of any direction by his debtor, to say where payments made by him shall be applied.

Part payment is an implied acknowledgment of the existence of the claim upon which the payment is made, from which the law implies a promise to pay the balance, unless such implication is rebutted by something that transpired when the payment was made. *Corliss & Way* v. *Grow*, 58 Vt. 702. In order for a part payment to revive the claim as to the residue so that the law will imply a promise to pay it, it must appear that the payment was made upon the claim sought to be enforced. *Cleaveland* v. *Dinsmore*, 59 Vt. 436. The mere fact of a sum of money having been paid by the defendant to the plaintiff is not enough to take a case out of the Statute of Limitations. Chitty on Contracts, 829; 2 Addison on Contracts, 886; Angell on Limitations, ss. 240, 241, 242, 243 and 244.

The delivery of the sugar under the circumstances found by the referee was not such a payment as would in legal effect operate as an acknowledgment of liability, and from which the law would imply a promise to pay what might be due upon the note. Had the plaintiff the right to make the application of the sugar which he did make? In *Rosseau* v. *Cull*, 14 Vt. 83, it is said: "No principle perhaps is better established than that when the debtor makes no appropriation of money paid, generally the creditor may make his own application, unless there be something in the case to show a different expectation on the part of the debtor." Here, as we have seen, the debtor did not expect that the sugar would be applied upon the note, but did expect that it would be applied upon his obligation to support the plaintiff and his wife. In *Ayer* v. *Hawkins*, 19 Vt. 26, the court say: "The right to direct the application being universally conceded to the debtor in the first instance, regard is still had to his intention in the matter, whenever the facts and circumstances render that intention sufficiently clear and certain"; in *Wheeler* v. *House*, 27 Vt. 735, "that the court will in the application of payment carry out the intention of the parties, whenever that intention can be ascertained"; in *Early* v. *Flannery*, 47 Vt. 253, that "whenever the intention of the debtor is rendered sufficiently clear and certain, such application should be made as he intended"; in *Roakes* v. *Bailey & Newcomb*, 55 Vt. 542, that "if the debtor pays with one intent and the creditor receives with another, the intent of the debtor shall govern."

The cases referred to by counsel for plaintiff in which the creditor was allowed to make an application of payments, without any direction from the debtor, differ in their facts from those here found. In *Corliss & Way* v. *Grow*, which seems to be the one most relied upon, the plaintiff had two accounts against the defendant, one of his own, and the other the one upon which the suit was brought, and asked the defendant for money *upon the accounts;* whereupon the defendant paid him $15 without giving any direction as to its appli-

Austin *v.* McClure.

cation, which overpaid his account, and he credited the balance upon the other; and it did not appear that he intended it should apply anywhere else. The court said that, in the absence of any specific direction as to the application of a payment, the intent of the party making it, as ascertained from the circumstances under which it was made, may control the right to make it, and that the plaintiff had the right to apply the money to pay his own account and what remained upon the other.

A payment that will operate to revive a debt that is barred by the Statute of Limitations must be a voluntary one, and made with the intent that it should be applied upon the debt; and where it is found that the payment was not made with such an intent, but on the contrary was intended to be applied somewhere else, it is not such a payment as will revive the debt. The payment here made was of such a character, and did not revive the debt so as to give a cause of action for its recovery. And the judgment is affirmed.