JOHN STEARNS v. THE ADMINISTRATOR OF SARAH STEARNS.

### Pleading.    Statute of Limitations.    Judgment.

An omission of the formal concluding words of a pleading cannot be taken advantage of by a motion in arrest of judgment ; it can only be objected to by special demurrer.

Where a fact alleged in the plea may be true and yet be no bar to the action, a denial of that fact in the words of the plea (omitting to answer other material allegations), forms an immaterial issue ; but when the fact pleaded is a good defense to the action, and that fact is traversed in the words of the plea, the traverse is sufficient.       .   •

An agreement by the maker of a promissory note, before the statute of limitations has run upon it, "that he will not take any advantage of the statute of limitations on the note," is an acknowledgement of the debt sufficient to take it out of the statute.

Such agreement need not be pleaded by way of estoppel, but may be shown in evidence under a traverse of the plea setting up the statute bar.

Where a question is brought before a judicial tribunal having jurisdiction of the matter, and is there decided, the decision, in the absence of evidence to the contrary, must be presumed to be upon the merits of the controversy and a final settlement of it.

The plaintiff, in an action on book account, presented before the auditor certain matters for adjustment and allowance which were passed upon by the auditor, apparently on their merits, and his report thereon was accepted by the court. The defendant declared in offset upon two promissory notes made by the plaintiff, to which the plaintiff pleaded payment. To support his plea, the plaintiff gave evidence tending to show a payment, but in no other manner than by the same matters which he had so presented before the auditor; *Held,* that the auditor's adjudication upon those matters was final and barred the plaintiff from applying them on the notes.

APPEAL by the plaintiff from the decision of commissioners of the probate court, allowing a claim in offset against him in favor of the defendant.

Declaration by the plaintiff on book account. Declaration by the defendent in offset upon two promissory notes made by the plaintiff to Sarah Stearns, in her life time. Plea by the plaintiff, "that after the making of the said several promises, in said declaration in offset mentioned, and previous to the decease of said Sarah Stearns, to wit : on the first day of January, A. D.,

1851, he paid to said Sarah Stearns all and every the sums of money in said declaration in offset mentioned." The plaintiff also pleaded the statute of limitations. To the plea of payment the defendant replied, "that the said John Stearns did not, on the first day of January, A. D., 1851, pay to said Sarah Stearns all and every the sums of money in said declaration in offset mentioned." To the plea of the statute of limitations the defendant replied, negativing the words of the plea, but omitting the formal conclusion, "and this he prays may be inquired of by the country."

Trial upon the offset, by jury, at the September Term, 1859, of the Rutland County Court. PIERPOINT, J., presiding.

The defendant introduced in evidence the two notes described in his declaration in offset, with certain endorsements thereon; and in answer to the plaintiff's defense thereto of the statute of limitations, gave evidence tending to show that in July, 1847, shortly before the expiration of six years after the maturity of the notes, one Conant, an agent of the defendant's intestate, requested the plaintiff to renew them, and told him that unless he did so they would be put in suit. To this the plaintiff replied, that he did not want them sued, and then agreed that he would not take any advantage of the statute of limitations on the notes. It did not appear that anything more was done by way of enforcing their payment during the life-time of the deceased, who died in 1852.

On the issue of payment the plaintiff gave evidence tending to show a payment of the notes, but in no other manner than by certain matters, a claim for which he had made against the estate of the deceased, and which he had presented to the commissioners thereon for allowance, and which he had also presented before the auditor in this case for adjudication and allowance, and which had been passed upon by him. The defendant read in evidence the auditor's report, with the record showing it to have been accepted by the court. (All that is material in the auditor's report is sufficiently mentioned in the opinion of the court.) The specification of the respective claims of the parties, presented to the auditor and returned by him, appear to have been lost.

The plaintiff requested the court to charge the jury, that the

testimony on the part of the defendant was not sufficient to remove the statute bar, if believed ; that if the testimony of the plaintiff was believed, the note's had been paid, and the jury should find a verdict accordingly; that if the items which said Stearns presented before the auditor and were adjudicated by him, had been paid or delivered by said John Stearns to said Sarah Stearns in payment of the notes, such adjudication would not prevent the said John Stearns from pleading them in payment to these notes, in this case.

But the court declined to charge the jury as requested, except as follows : that the notes in question on their face were barred by the statute of limitations, and that to remove the effect of the statute it was necessary for the defendant to show to the satisfaction of the jury that within the time limited by the statute (which time was explained to the jury, and about which there was no controversy,) prior to the decease of the said Sarah Stearns, the plaintiff had promised to pay the notes, or had acknowledged his then present indebtedness and liability thereon, and a willingness to remain liable and to subsequently pay them; that an acknowledgement of the debt alone, or an acknowledgement accompanied with an expressed unwillingness to remain liable, or to pay, would not be sufficient ; that it was a question for the jury to determine whether, in this case, such an acknowledgement had been proved : that in determining this question they should consider the evidence relating to the interview between the plaintiff and Conant ; and, if they believed the facts to have existed as the evidence tended to show, that what the plaintiff said in relation to this debt, and his agreement, not to take advantage of the statute, was evidence tending to show an acknowledgement of an existing debt and of a willingness to remain liable. How much weight was to be given to it was for the jury to say.

The court also told the jury that if they found that Conant went to the plaintiff to get the notes renewed, at the request of the deceased, as the testimony tended to show, and made known his purpose, and the plaintiff knew that his object was to get the notes renewed to avoid the effect of the statute, if he then agreed that he would not take advantage of the statute, and the

deceased, on being informed of it, relied on such agreement and suffered the time limited by statute to elapse, when she otherwise would not, the plaintiff cannot now set up the statute as a bar to this claim in violation of that agreement so relied and acted upon.

The court also instructed the jury, that if, from all the evidence, they were satisfied that the notes in question had been paid, the plaintiff was entitled to a verdict; that if the plaintiff had claims against the deceased, that, if just, were of such a character that by reason of some understanding between them he might insist upon having them applied in payment of the notes in question, still, if after her decease he had presented a claim therefor against the estate, before the commissioners, and subsequently before the auditor, and had insisted upon their adjustment and allowance then, and a hearing had been had upon their merits, and they had been allowed and adjusted in the settlement of the book accounts between the parties, or had been disallowed on the ground that they were unjust, or upon any other ground involving the merits of the claims ; in that case the plaintiff would be bound by such determination of the auditor, and could not afterwards claim to have the same matters applied in payment of these notes.   On the other hand, if the auditor had rejected the claims on the ground that they were matters that, by agreement of the parties, were to be applied in payment of these notes, and therefore not proper matters to be settled in that accounting, that would not preclude the party from insisting upon the claims being applied in payment of the notes.

Verdict for the defendant for the full amount of the notes, deducting the endorsements.

To the charge of the court, and their refusal to charge as requested, the plaintiff excepted.

After verdict for the defendant, and upon judgment, the plaintiff moved that the judgment be arrested and a repleader awarded, because the issue tried upon the pleas of the statute of limitations and payment were immaterial, and no judgment could be rendered upon the verdict.   This motion was overruled by the court to which the plaintiff excepted.

*F. Potter* for the plaintiff.

*J. B. Bromley*, and *E. Edgerton* for the defendant.

ALDIS, J.   I.  The plaintiff moves in arrest of judgment.   To the defendant's declaration in offset upon two promissory notes, the plaintiff pleaded the statute of limitations, the defendant replied that the cause of action did accrue, &c., negativing the words of the plea, but omitted the formal words of the conclusion, "and this he prays may be inquired of by the country." Upon these pleadings the parties had a trial by jury and the defendant obtained a judgment upon the notes.  The motion in arrest is upon the ground of the omission of the formal concluding words of the replication.

By the statute of 4 and 5 ANN, a wrong or defective conclusion can only be objected to by special demurrer.  It is, therefore, not to be taken advantage of by a motion in arrest.  To hold, that a party who has had his trial by jury and been cast in the verdict, may arrest the judgment because his adversary omitted the formal request for such a trial, would seem in these days like a burlesque upon judicial proceedings.

It is also claimed that the issue joined upon the plea of payment, was merely upon the day specially named in the plea, and not upon the fact of payment ; and therefore that the issue was immaterial.

Where a fact alleged in a plea may be true and yet be no bar to the action, there a denial of that fact, in the words of the plea, and omitting to answer other material allegations, forms an immaterial issue.  But where the fact pleaded is a good defense to the suit, and that fact is traversed in the words of the plea, such traverse is sufficient.  Here the payment after the debt was due is denied in the terms in which it is alleged; thus forming a direct and material issue.  The motion in arrest is, therefore, overruled.

II.  The plaintiff pleaded the statute of limitations.  On this issue the defendant showed that the plaintiff within six years agreed "that he would not take any advantage of the statute of limitations on the notes."  In *Button* v. *Stevens*, 24 Vt., 131, the question came before this court upon these very words.  The court held that these words are an acknowledgement of the debt

sufficient to take it out of the statute, and that the agreement need not be pleaded by way of estoppel, but may be shown in evidence under the issue formed by traversing the plea. The opinion of Judge IsHAM reviews the authorities and shows that the decisions in England and in the State of New York corres- pond with our own.

III. To support the plea of payment the plaintiff gave evidence of certain matters which he claimed to have apply as payment, which he had previously presented before the auditor for allow- ance in his action on book against this defendant, and which were passed upon by the auditor. It appears from the bill of exceptions that the report of the auditor was accepted by the court. The claim of the plaintiff here is that there was no testi- mony tending to show that the matters he claimed before the auditor were either allowed or rejected upon their merits; and as they might have been disallowed on some mere technical point, the plaintiff should be allowed to have them apply as pay- ment unless the defendant shows affirmatively that the decision of the auditor was upon their merits.

But we think the *prima facie* presumption of law is to the con- trary, viz: that where a question is brought before a judicial tri- bunal having jurisdiction of the matter and is there decided, the decision is to be presumed to be upon the merits of the contro- versy, and to be a final settlement of it. The contrary, if claimed, must be made to appear by due proof. Public policy requires this presumption, that there may be an end to litigation: and experience shows that in the ordinary administration of justice the fact corresponds with the legal presumption.

The court below did not rest the case upon this point, but told the jury that they might consider the evidence, and if they found that the auditor had either allowed or disallowed the plaintiff's claims upon their merits that would be a final determination and bar the plaintiff from claiming them here.

Referring to the auditor's report we find that the auditor spe- cially sets forth the facts upon which the claims of the parties rested, and the objections made by the plaintiff to the defendant's account; but does not state that any mere technical question was raised as to the plaintiff's right of recovery, and would seem to

have passed upon the substantial justice of the accounts. As it would have been his duty to have set forth in his special report the grounds upon which he acted, if he disallowed the plaintiff's account for reasons not affecting their justice, we think the conclusion fairly to be drawn from the report is, that he decided the case upon its merits.

In this view of the charge of the court we find no error.

IV. It is further claimed that if these matters were finally determined by the auditor, still if they were to apply as payment they ought so to apply, and the notes having been paid cannot by that determination be revived so as to become a cause of action. The court charged, first, that if the notes had been paid the defendant could not recover on them in his declaration in offset; second, but if the plaintiff had claims which by agreement he claimed ought to have applied in payment, and he submitted them to the auditor, and he adjudicated upon them upon their merits, that adjudication would be final, and bar the plaintiff from now applying them on the notes. Upon this charge the jury must have found that the auditor did not disallow the accounts upon the ground that they were payments on the notes and therefore not allowable.

The plaintiff cites the cases where a party sueing upon a note has recovered judgment for its full amount, and afterwards being sued in account by the maker of the note has been allowed to defeat the action by showing that the items were delivered in payment on the notes, though not so applied when the judgment was rendered. These cases differ entirely from the case at bar. They go upon the ground that the payments should have been shown in the suit upon the note, that they operate to extinguish a debt and, therefore, cannot be chargeable on book; and that to allow a recovery for them upon the ground that they had not been allowed in the judgment on the note would be to impeach that judgment collaterally. In this case the verdict stands upon the ground that the accounts claimed have not been paid upon the note; but that the plaintiff claimed that by some understanding between him and the defendant he had the right to insist on such an application, but that, instead of so doing, he has submitted them for adjudication to the auditor, by whose determin-

ation they had finally been settled.   The claim of the plaintiff here infringes upon the principle of the cases cited by him to sustain it; for to allow his accounts now to apply in payment on the note, would be to impeach collaterally the judgment rendered upon the auditor's report.   Payments on notes are not recoverable on book, though the judgments on the notes do not include them; because the party might have had them applied by defending the suit on the note.   Clearly then where a party has defended an action of book account and failed, or succeeded, in his claims upon their merits, (and whether he failed or succeeded does not appear) he cannot be allowed to contest the same matters over again in an action brought against him upon the note.

The judgment is affirmed.