Burton *v.* Stevens.

## JOHN H. BURTON *v.* ORLANDO STEVENS.

### *Assumpsit.   Statute of Limitations.*

B. commenced his action upon two promissory notes dated March 2, 1832, exe-
cuted by S. to B., to which S. plead the statute of limitations.   B., to remove
the statute bar, relied upon the following agreement entered upon the back of
the two notes, signed by the defendant S. under date of August 19, 1841, in these
words: "I hereby agree that I will not take any advantage of the statute of lim
"itations on the within two notes."   The court held that this agreement re-
moved the statute bar, and that S. was technically estopped, by his agreement,
from making this defence.

ASSUMPSIT on two promissory notes.   The defendant filed his
declaration on book in offset, judgment *to account in the county*
court, and auditor's report, which was accepted.   Plea in offset
and statute of limitations, and replication — issue to the court.
On trial the plaintiff introduced two notes dated March 2, 1832,
and an indorsement thereon, signed by the defendant under date
of August 19, 1841, in these words: "I hereby agree, that I will
"not take any advantage of the statute of limitations, on the with-
"in two notes."

The several signatures of the defendant were admitted to be
genuine.

The county court, July adjourned term, 1851, — PIERPOINT,
J., presiding, rendered judgment for the plaintiff to recover the
amount of the notes and interest, deducting the indorsements and
the amount of the balance due on book account as reported by the
auditor, and his costs.   Exceptions by the defendant.

*H. G. Edson* for defendant.

1. The first question that arises in this case, is, was the con-
tract made by the defendant on the 19th day of August, A. D.
1841, a valid contract?   It is insisted that it was not; being
without consideration it is void.

The plaintiff for more than two years before that time had no
cause of action against the defendant; no consideration passed at
the time, and it was a mere *nudum pactum.*

2. In the written agreement it is contended that there is neither
an acknowledgment of any debt due, or promise, express or im-
plied, of payment.   The agreement being in writing and without

ambiguity, must if not void, be construed according to its plain import.  *Carruth* v. *Paige*, 22 Vt. 179.  *Phelps* v. *Stewart*, 12 Vt. 256.  *Allen* v. *Webster*, 15 Wend. 284.  *Bell* v. *Marison*, 1 Peters 351.

3. It is contended, that the plaintiff not having replied the agreement by way of estoppel, he cannot avail himself of it here. *Allen* v. *Webster*, 15 Wend., page 289.

*H. R. Beardsley* for plaintiff.

The agreement of August 19, 1841, cannot be construed to import anything less than an unqualified admission that the note was then a subsisting debt, and that he was willing to pay it.  In short, that he thereby intended to waive and did waive the protection of the statute.

Language similar to this has been held to import a promise to pay.  *Gardner* v. *McMahon*, 43 Com. Law Rep. 867.  *Paddock* v. *Colby*, 18 Vt. 485.

The opinion of the court was delivered by

Isham, J.  The plaintiff has brought his action upon two promissory notes dated March 2, 1832, executed by the defendant to the plaintiff, and to which the defendant has plead the statute of limitation, that the cause of action did not accrue within six years, and upon which issue is joined.

The evidence upon which the plaintiff relies to remove this statute bar, is the agreement entered on the back of the notes, signed by the defendant under the date of August 19, 1841, in these words: "I hereby agree that I will not take any advantage of the statute "of limitations on the within two notes." It is claimed by the defendant that this writing is not sufficient to revive the debt.  That it contains no acknowledgment that it is due, or a promise to pay, and that an acknowledgment to take a case out of the statute of limitations, must contain an unqualified and direct admission of a present subsisting debt, and from which a promise to pay the same can be found.

It is evident that in making that agreement the defendant intended to place in the hands of the plaintiff sufficient evidence to protect his claim from the operation of the statute, and that the plaintiff in taking this agreement supposed that his claim was

. saved thereby from its operation. It is just and reasonable, therefore, that such an effect should be given to this agreement, if it can be consistent with established rules of law. The language of Lord Denman in the case of *Gardner* v. *McMahon*, 43 Com. Law Repts. 870, has a direct application to this case: "that it "may well be supposed that the creditor on his part, has forborne "to sue, *relying upon this undertaking* as preserving his right of "action in future." It is equally to be presumed that the creditor, *in the same reliance*, has permitted to pass from his possession the evidence to prevent the operation of the statute, which he might have controlled previous to the execution of that agreement. The defense, if available, is a violation of the defendant's agreement, and we entertain no doubt that he is concluded thereby. In the case of *Paddock* v. *Colby*, 18 Vt. Rep. 485, the defendant used this language: "that he had assured the plaintiff "that he would not take advantage of the statute of limitations," and the court held that the claim was saved from its operation. In the case of *The Utica Insurance Co.* v. *Bloodgood*, 4 Wend. 652, the defendant signed a written agreement in these words: "I hereby agree not to plead the statute of limitation," &c., and SUTHERLAND, J., said: "The defendant is *estopped by his stipu*-"*lation* from availing himself of the statute of limitations." These authorities are satisfactory upon the *effect* that should be given to the writing upon the back of the notes, for it is an agreement by the defendant that the notes shall be placed upon the same footing as if the statute had not run on the claims, the notes then furnishing the evidence of the debts, and the promise to pay.

The admission of this testimony is objected to, under the issue as formed in this case, and if the writing has the effect to prevent the operation of the statute. It is claimed, that it should have been replied by way of estoppel, as intimated in the case of *Allen* v. *Webster*, 15 Wend. Rep. 289.

Whether it is proper evidence under this issue' depends upon the construction which should be given to the words so written, and whether they contain an express or implied acknowledgment that the debt is due, and a willingness on the part of the defendant to pay it. If with this writing there had been a protestation that the claim was unjust, the statute would prevail, as was decided in *Carruth* v. *Paige*, 22 Vt. Rep. 180. *Allen* v. *Webster*,

15 Wend. Rep. 284, and *Phelps* v. *Stewart*, 12 Vt. Rep. 256, as there would be wanting evidence of a willingness and promise to pay on the part of the defendant. But where the writing is unconditional in its terms and unaccompanied by any such protestations, then it does contain such an acknowledgment and affords evidence of such a promise as will prevent the operation of the statute under this issue.

In the case of *Gardner* v. *McMahon*, we find a construction given to similar language. Lord DENMAN, C. J., says that when the debtor uses the language, "I will waive the statute," it contains an acknowledgment of the debt and a promise to pay. PATTERSON, J., says that these words standing alone, make a promise, and will avoid the statute of limitation; and with this construction Williams and Wightman, Justices, agreed. And it is to be observed that this evidence was received under the same issue as formed in this case.

The construction thus given to this writing, and which we feel disposed to adopt, disposes of the question made in this case, that the writing is ineffectual, being made after the statute had run on the notes. For if the debtor by any language acknowledges the debt and expresses a willingness to pay it, the debt is revived, though the statute has run on the claim. We think, also, that the defendant is technically estopped by this agreement from making this defense.

The result is, that the judgment of the county court must be affirmed.