MONTPELIER & WELLS RIVER RAILROAD COMPANY *v.* JAMES R. LANGDON.

*Subscription Paper.    Estoppel.*

On the 19th of January, 1869, the defendant, a resident of Montpelier, subscribed for 100 shares of the capital stock of the plaintiff corporation, of $100 each. At a legal meeting of the commissioners of said corporation, of whom the defendant was one, held December 20, 1869, the defendant, in presence of said commissioners, annexed the following written condition to his subscription : "Condition that good and responsible individuals in Montpelier subscribe fifty thousand dollars within one year from above date, and a list of subscribers, and amount of each, given me January 19, 1870." *Held*, that the true meaning of said condition was, that the amount of the defendant's subscription was to be counted towards the $50,000 named therein.

At said meeting, after the condition was annexed as aforesaid, the defendant agreed that, if the plaintiff would procure $40,000 of subscriptions from individuals in Montpelier, it should be a compliance with said condition ; and thereupon said commissioners accepted the defendant's subscription, with said condition annexed thereto. The plaintiff thereafterwards, and before the time mentioned in said condition, relying upon the defendant's subscription and his said agreement, at great trouble and expense, procured from good and responsible individuals in Montpelier, subscriptions to the amount of $40,700, besides the defendant's subscription, whereof the defendant was duly notified. *Held*, that the defendant was thereby estopped from claiming that by the terms of said condition the amount of his subscription was not embraced in said sum of $50.000.

ASSUMPSIT upon a subscription to the capital stock of the plaintiff corporation, of which the following is a copy :

"MONTPELIER AND WELLS RIVER RAILROAD COMPANY.

"The state of Vermont having incorporated the Montpelier and Wells River Railroad Company, we the subscribers do severally agree with said corporation to take the number of shares of the capital stock of said company, of one hundred dollars each, placed against our names respectively, upon the following condition :

19

" That no assessment, except five dollars per share paid at the time of subscription, shall be levied upon the shares, until twenty-five hundred shares shall have been subscribed.

| Date. | Subscriber. | Shares. | Residence. |
|---|---|---|---|
| Jan. 19, 1869. | James R. Langdon, | 100 | Montpelier, Vt. |

" Condition that good and responsible individuals in Montpelier subscribe fifty thousand dollars within one year from above date, and a list of subscribers, and amount of each, given me January 19, 1870."

Plea, the general issue, and notice. Trial by jury, September term, 1871, Washington county, PIERPOINT, Ch. J., presiding.

The plaintiff introduced in evidence the original subscription of the defendant, and also offered evidence tending to prove the due organization of the company, and that the defendant was one of the commissioners of the company, a resident citizen of Montpelier, and took an active part in said corporation; that at a legal meeting of the commissioners of the corporation, held at Montpelier, on the 26th day of December, 1868, said commissioners voted to open books for subscription to the capital stock of said corporation, and then and there appointed Roderick Richardson, and the defendant, and John A. Page, a committee to give legal notice of the opening of the books for subscriptions, to fix the times and places for opening said books, and to open said books and receive subscriptions, and to receive the five per cent. to be paid at the time of subscription; that said committee gave legal notice that said books would be opened for subscription at the two banks in Montpelier, and at other places on the line of the road, naming them, on the 11th day of January, 1869, and that said books would remain open ten days, Sundays excepted, and for such further time as the commissioners should direct; that the books were opened at both banks in Montpelier on said 11th day of January, and that the defendant, on the 19th day of said January, subscribed for 100 shares of the capital stock of said corporation, being the sum of ten thousand dollars, which subscription was accepted by the commissioners; that there was then no condition annexed to said subscription, except what appears above the name of the defendant; that afterwards, at a legal meeting of the com-

missioners held at Montpelier aforesaid on the 20th day of December, 1869, the defendant, then and there being one of said commissioners, and having in his possession the subscription book aforesaid, then and there, in the presence of said commissioners, and with their consent, annexed to his said subscription below his name, these words : " Condition that individuals in Montpelier subscribe fifty thousand dollars in one year from above date."

The rest of the condition on said book below the name of the defendant, the plaintiff claimed was put there without the consent of the plaintiff, which the plaintiff offered to prove ; but the case turned on another point, which made this immaterial.

The plaintiff then offered to prove by parol that at the meeting last aforesaid, after said condition was annexed to the subscription, the commissioners inquired of the defendant whether the fifty thousand dollars named in said condition was to be $50,000 not including the defendant's subscription, or whether the $50,000 should include his subscription of ten thousand dollars ; and that the defendant then said that he understood said condition to include his subscription of ten thousand dollars, to make up the $50,000, and that the defendant then agreed that if the plaintiff would procure $40,000 of subscriptions from individuals in Montpelier, it should be a compliance with the condition annexed to his subscription ; and that on that agreement with the defendant, the commissioners then and there accepted said subscription of the defendant, with the condition annexed as aforesaid ; that the plaintiff, relying on said subscription, and the statement and agreement of the defendant, canvassed the town of Montpelier, and on and before the 18th day of January, 1870, at great trouble and expense of time and money, procured from good and responsible individuals in Montpelier, subscriptions to the amount of $40,700, without including the subscription of the defendant, and including the subscription of said defendant, to the amount of $50,700, and that the defendant was duly notified of the same on the 19th day of January, 1870. All which testimony was objected to by the defendant, and excluded by the court ; to which the plaintiff excepted.

The court, on examination of the subscription of the defendant, ruled that unless the plaintiff could prove that $50,000 were subscribed by individuals in Montpelier within said year, without counting the defendant's subscription, the condition to said subscription had not been complied with, and the plaintiff could not recover; and the plaintiff not claiming to prove subscriptions exceeding $40,700 by individuals in Montpelier, without counting the defendant's subscription, the court ordered a verdict for the defendant; to which the plaintiff excepted.

The plaintiff offered testimony tending to prove all the material facts necessary for recovery, except as to the compliance of the plaintiff to raise the sum of fifty thousand dollars without including the subscription of the defendant, and the case turned on the construction given to the condition of said subscription, and the rejection of the testimony aforesaid, and the plaintiff did not claim to recover, if the said construction and rejection of parol testimony were correct.

*C. H. Heath, J. A. Wing*, and *P. Dillingham*, for the plaintiff.

The true meaning of the condition to the subscription of the defendant, is, that the fifty thousand dollars named in said condition should include the defendant's subscription of ten thousand dollars. If it is claimed that the $50,000 should exclude the defendant's subscription, as the defendant was a citizen of Montpelier, there is sufficient doubt about the meaning so that parol evidence is proper to determine it. Esp. Dig. 787–8. In the construction of contracts, the object is to ascertain the intention of the parties. *Johnson* v. *Newfane*, 40 Vt. 9. To find the intention of the parties, the court will examine all the surrounding circumstances, and what was said and done by the parties when the condition was annexed to the subscription. Addison Con. 847–8–9–50; 2 Story Con. 65, § 671 a; *Mannway* v. *Jones*, Busbee (N. C.), 368; *Morton* v. *Wells*, 1 Tyler, 381; *Barrows* v. *Lane et al.* 5 Vt. 161; *Rawley* v. *The Empire Ins. Co.* 36 N. Y. 2; *Ins. Co.* v. *Olmstead*, 21 Mich. 246.

The condition is not such a contract in writing as cannot be varied by parol. It is only a condition in favor of the defendant,

annexed to an existing valid contract; and the terms and conditions on which it was accepted, and the meaning of the condition, can clearly be shown by parol. It is like any other parol change of a written contract not under seal, made after the contract was executed, which may be proved by parol. *Flanders* v. *Fay*, 40 Vt. 316; *Lawrence* v. *Dole*, 11 Vt. 549. If it is claimed that the condition has relation back to the date of the subscription, then the verbal agreement made by the defendant at the time the condition was annexed, would be binding upon the defendant,. and might well be shown by parol. Written contracts may be abandoned or waived by subsequent parol contracts before breach. 2 Phil. Ev. 365; 4 Ib. 605, n. 298; *Briggs* v. *Vt. Central Railroad*, 31 Vt. 211.

The contract of subscription was valid; the condition annexed thereto is void for want of consideration.

The defendant would be estopped from claiming that said condition required a subscription of more than $40,000 besides his own, if the plaintiff could establish the fact offered to be proved, and which, for the purposes of this trial, must be taken as true, to wit, that on the 20th of December, 1869, the defendant agreed with the plaintiff that if the plaintiff would procure subscriptions from individuals in Montpelier to the amount of $40,000 besides his subscription, it should be a compliance with said condition, and that, relying thereon, the plaintiff did, at great trouble, &c., procure the subscriptions. *Halloran* v. *Whitcomb*, 43 Vt. 306; *Spiller* v. *Scribner*, 36 Vt. 245; *Hicks et al.* v. *Cram et al.* 17 Vt. 449; *Kenney* v. *Farnsworth*, 17 Conn. 355; *Whittaker* v. *Williams*, 20 Conn. 98; *Shaw* v. *Beebe et al.* 35 Vt. 205; *Wooley* v. *Edson et al.* Ib. 214; *Ham* v. *Cole*, 48 N. H.; *Malony* v. *Haran,* 53 Barb. 29; *Brown* v. *Wheeler*, 17 Conn. 345.

*Heaton & Reed* and *B. F. Fifield*, for the defendant.

Where there is a written contract, the general rule excludes extrinsic evidence to aid in its construction. 2 Phil. Ev. 529, 540, n. 487; 1 Greenl. Ev. § 275. But parol evidence is admitted to explain the words used, and to show their application, and the application of surrounding circumstances. 1 Greenl. Ev. §§ 277,

282, 288. But not to vary, add to, or contradict the writing. 2 Phil. Ev. 534, 540, n. 478. All prior and contemporaneous stipulations and arrangements must be considered as merged in the writing. 2 Phil. Ev. 558, n. 494, and cases cited; *Gilman* v. *Moore*, 14 Vt. 457.

To interpret the words used in a written contract, is one thing; to admit direct intention of the parties independent of the writing, is another. Such evidence has alway been excluded. 2 Phil. Ev. 533, 534, n. 486; 1 Greenl. Ev. § 277; *Warren* v. *Wheeler*, 8 Met. 97; *Bigelow* v. *Collamore*, 5 Cush. 226; *Tibbits* v. *Perry*, 24 Barb. 39; *Comstock* v. *Van Dusen*, 5 Pick. 166; 2 Phil. Ev. 631, n. 516, 633-4-5, and notes.

The condition excludes the defendant's subscription from the $50,000. He subscribes his own name in the first person, and describes a class of subscribers in the third person, thus excluding himself.

The expression of opinion upon a matter of law, does not conclude a party making it, although it may influence action towards himself, or relative to his affairs, by another. *Brewster* v. *Striker*, 2 Comst. 19. The defendant's admission was one of law, and nothing more. Estoppel *in pais* by representation must be one of fact. Big. Estop. 480, 497.

The opinion of the court was delivered by

BARRETT, J. In the judgment of the court, the true meaning of the condition in question, as indicated by its terms, interpreted with reference to the subject-matter, and in the light of attending circumstances, is, that the $10,000 subscribed by the defendant, was to count towards the $50,000 to be subscribed within the year. The form of the expression does not import an exclusion of the defendant's subscription from such counting. The verb, "subscribe," as it is here used, seems to import subscriptions made within the time named, without indicating any assignment of time, as past or future, for the making of such subscriptions; but only that, prior to the close of the prescribed period, the required amount should be subscribed. It is used in the present tense, and has reference to the period as a continuing present to

its close—meaning, subscribe at any time within. it. In this view, the defendant's subscription is embraced in, and not excluded by, the terms of the condition. It is not claimed· in argument that it was not made within the period. As favoring. this view of the intent and meaning of such use of that word as a member of the sentence, it is obvious to be remarked, that, if it had been designed to exclude the defendant's subscription, naturally, and according to the prevailing use of language—for such a purpose, the future tense would have been given to the verb by prefixing " shall," or the word other would have been used before " good and responsible individuals."

We repeat, then, in another form of expression, that the meaning of the condition is, that $50,000. in all should be subscribed by persons of the character designated, within the time limited. The defendant was one of that class, and the required sum was subscribed in satisfaction of the condition.

This case presents another ground on which we think the defendant would be liable, even upon his own construction of said condition. We recognize the common and familiar doctrine, that a written contract may not be varied or contradicted by parol evidence. At the same time we recognize the doctrine, equally well settled, that a party may vary his liability and rights, as fixed by a written contract, by what he may agree or do subsequent to the making of such written contract. After the condition had been annexed in December, 1869, to the subscription as it was originally made in the January before, and had continued to be till said condition was annexed to it, the defendant agreed, that, if the plaintiff would procure $40,000 from individuals in Montpelier, it should be a compliance with said condition ; and " on that agreement with the defendant, the commissioners then and there accepted the subscription annexed as aforesaid" ; and, relying on it, the plaintiff canvassed said town, and, at great trouble and expense of time and money, procured within the time, proper subscriptions, to the amount of $40,700 beyond that of the defendant, and of this the defendant was duly notified. We find coined to our hand by our Ch. J. REDFIELD, an admirable statement of the law as we understand it to be, which is exactly applicable to the

exigency of this case upon the facts thus recited. *Strong* v. *Ellsworth*, 26 Vt. 373. " *The doctrine of estoppels in pais* * * * lies at the foundation of morals, and is a cardinal point in the exposition of promises, that one shall be bound by the state of facts which he has induced another to act upon. He, who, by his words or his actions, or by his silence even, intentionally or carelessly induces another to do an act, which he would otherwise not have done, and which will prove injurious to him, if he is not allowed to insist on the fulfillment of the expectation upon which he did the act, may insist upon such fulfillment." The same doctrine was comprehensively expressed by the same judge in 17 Vt. 455; and it is repeated and applied by judge ROYCE in *Halloran* v. *Whitcomb*, 43 Vt. 307, with a sanction which has such peculiar aptness and force in the matter now in hand as to justify the repeating of it here. " This doctrine is founded upon the plainest principles of morality and justice, and its application is to prevent fraud and promote justice."

How, in this view, the validity of the condition would be affected as depending on the ground and reason on which the commissioners accepted the subscription with that condition annexed, as stated in the exceptions, need not now be decided. How the defendant's right to have the operation given to the condition that he now claims, is affected by this doctrine of the law, is very plain. He is estopped to do so.

We see no occasion for the present to consider the case with reference to the question, whether the defendant could be held by force of his promise, as a parol contract made subsequently to the written one, and as an addition to it.

Judgment reversed ; cause remanded.