## NELSON GAY'S ESTATE *v.* NAOMI B. HASSOM ET AL.

*Statute of limitations. Acknowledgment of payment. Payment by husband may keep alive mortgage as against wife.*

1. An endorsement upon a promissory note, " Paid on this note, March 11, 1882, ten dollars," signed by the maker, is a sufficient written acknowledgment to interrupt the running of the statute of limitations, although no payment was in fact made.

2. And where a wife joined with her husband in a mortgage of her real estate to secure the payment of the note, which was signed by her husband alone, such an acknowledgment by the husband will keep alive the mortgage as against her.

Foreclosure of mortgage. Heard upon the pleadings, a special master's report, and exceptions thereto, at the December term, 1891. Taft, chancellor, decreed a foreclosure with costs. The defendants appeal.

The opinion states the case.

*J. J. Wilson,* for the orator.

Neither party can repudiate the transaction by which a payment of ten dollars on the mortgage note was acknowledged. *McConnell* v. *Merrill et al.,* 53 Vt. 149.

That transaction was a sufficient recognition of the debt. *Martin* v. *Bowker,* 19 Vt. 526; *Phelps* v. *Steward,* 12 Vt.256; *Moore* v. *Stevens,* 33 Vt. 308; *Blake & Heart* v. *Parlemon,* 13

Vt. 574 ; *Beewin* v. *Farrell*, 39 Vt. 206 ; *Hunter* v. *Kittridge*, 41 Vt. 359 ; *Brayton* v. *Rockwell*, 41 Vt. 621.

And it affected all persons interested in the equity of redemption. *Barrett* v. *Prentice*, 57 Vt. 300 ; *Hollister* v. *York et al.*, 59 Vt. 1 ; 2 Jones Mort. s. 1198.

*Hunton & Stickney*, for the defendants.

Equity will not aid a stale claim. *Smith* v. *Clay*, 3 Bro. Ch. 638 ; *Battley* v. *Faulkner*, 3 B. & Al. 293; *Green* v. *Rivett*, 2 Salk. 422 ; *Kelling* v. *Shaw*, 1 Moore 345 ; *Clemetson* v. *Williams*, 8 Cranch, 72.

In fact the ten dollars was not paid ; hence it did not renew the note. *Blanchard* v. *Blanchard*, 122 Mass. 558 ; *Waters* v. *Tompkins*, 2 C. M. & R. 732, 726 ; *Ray* v. *Rood*, 62 Vt. 293 ; *Hale* v. *Wilson*, 30 N. W. Rep. 739; *Smith* v. *Westmoreland*, 12 S. & M. 663 ; *Davison* v *Harrison*, 33 Miss 42.

At all events the payment does not bind the wife. She was surety for her husband's debt, and the statute expressly exempts a surety from the effect of a part payment by the principal. *Purvis* v. *Carstaphan*, 73 N. C. 575 ; *Short* v. *Battle*, 52 Ala. 456; *Bank of Albion* v. *Burns*, 46 N. Y. 170; *Gleaves* v. *Paine*, 1 De G. J. &. S. 87, 95, 96 ; 1 Bishop Mar. Wom. s. 604 ; Bay. Sur. pp. 3, 4 ; *McMillan et al* v. *Bull's Head Bk.* 32 Ind. 2 ; *Kearnes* v. *Montgomery* 4 W. Va. 29, 40 ; R. L. 986 ; Acts 1884 No. 140, s. 1, last clause ; *Gould* v. *Cayuga Co. Bk.* 86 N. Y. 75 ; *Harper* v. *Fairley*, 53 N. Y. 442 ; *Whitcomb* v. *Whiting*, 2 Doug. 652 ; *Joslyn* v. *Smith*, 13 Vt. 353, 356.

The opinion of the court was delivered by

START, J. The defendant, Naomi B. Hassom, and her husband, George P. Hassom, on the 14th day of October, 1867, gave a mortgage of her real estate to secure the payment of his note to M. N. Gay & Son for the sum of ten hundred and forty dollars. On the 11th day of March, 1882, George P. Hassom made an indorsement upon the back of the note as follows:

" Paid on this note March 11, 1882, ten dollars," and signed his name thereto. On the same day, Nelson Gay, one of the payees and holders of the note, charged George P. Hassom, on book, ten dollars as having been indorsed on the note. The master has found that the indorsement on the note and the charge on book represent the same transaction; that the only payment then made was the charge on book; and that the parties intended by the transaction to prevent the statute of limitations running on the mortgage. The orator's claim to the mortgaged premises is barred by lapse of time, unless his intestate's right of entry was kept alive by the transaction of March 11, 1882.

George P. Hassom, the maker of the note, having, on the back of the note over his signature, acknowledged that ten dollars were paid on the note ; and one of the holders of the note having charged him ten dollars on book on account of the indorsement thus made, and forborne his right to enter and take possession of the mortgaged premises for more than fifteen years after the note was due ; and both parties having intended the indorsement thus made to operate as would a payment sufficient to repel the presumption of payment of the note and take the mortgage out of the operation of the statute,—the Court will give effect to this intention of the parties. The making and signing of the indorsement under these circumstances was an acknowledgment and recognition of the mortgage debt, and is as effectual to rebut the presumption of payment and interrupt the running of the statute as if ten dollars had in fact been paid.

In the case of *Martin* v. *Bowker*, 19 Vt. 526, it is held that a payment of interest upon the mortgage debt, or any part of the principal, or any other act recognizing the existence of the mortgage and that the same is unsatisfied, will be sufficient to repel the presumption of payment and take the case out of the operation of the statute.

In *Burton* v. *Stevens*, 24 Vt. 131, the defendant wrote and

signed on the back of the notes these words, " I hereby agree that I will not take any advantage of the statute of limitations on the within two notes;" and it was held that this was an acknowledgment sufficient to take the notes out of the operation of the statute, and that the defendant was technically estopped by this agreement from claiming the benefit of the statute. Isham, J., in delivering the opinion of the court, says: " It is evident that in making that agreement the defendant intended to place in the hands of the plaintiff sufficient evidence to protect his claim from the operation of the statute, and that the plaintiff in taking this agreement supposed that his claim was saved thereby from its operation. It is just and reasonable, therefore, that such an effect should be given to the agreement, if it can be consistent with the established rules of law."

In *Gardner* v. *McMahon*, 3 Q. B. (43 E. C. L. 870), Lord Denman, C. J., says: " When the debtor used the language, ' I will waive the statute,' it contains an acknowledgment of the debt and promise to pay. It may well be supposed that the creditor, on his part, has forborne to sue, *relying upon this undertaking* as preserving his right of action in the future."

In the case of *Corliss & Way* v. *Grow*, 58 Vt. 702, it is held that a part payment of a debt is an implied acknowledgment of the existence of the debt upon which the payment is made, from which the law implies a promise to pay the balance, unless such implication is rebutted by something that transpires at the time the payment is made. There is no reason why an acknowledgment in writing that a partial payment has been made, signed by the party affected thereby and acted upon by the creditor, should not be as effectual to repel the presumption of payment and interrupt the running of the statute as a part payment in fact ; and we hold that such an acknowledgment is a sufficient fulfillment of the requirements of the statute. R. L. sec. 974.

This case is distinguishable from that of *Blanchard* v. *Blanchard*, 122 Mass, 558, relied upon by counsel for the defendant.

In that case, the indorsement was not signed by the maker of the note, and it would seem from the opinion, that, had it been so signed, it would have been held sufficient. The Massachusetts statute (Gen. Sts., chap. 155, sec. 13) relating to acknowledgment and promise, is similar to ours. Judge Endicott, in delivering the opinion of the court, after referring to this statute, says : "It is not contended that the indorsements on the notes were signed by the defendant, within the provisions of sec. 13. It is the act of payment on account of the debt, that takes the case out of the statute. It therefore necessarily follows, that an indorsement, which it is agreed does not represent such a payment, and is not signed by the party to be charged, cannot be made, by force of an oral agreement, evidence of a new and continuing contract. The effect of such evidence would be to defeat the operation of the statute, which can be done only by a writing duly signed, or by a real payment on account of the debt. It is contended by the plaintiff that the defendant is estopped to deny that the payment on the notes was properly indorsed. But an agreement ineffectual to take a case out of the operation of the statute, because not contained in writing signed by the party to be charged thereby, cannot work an estoppel."

We think George P. Hassom was estopped to deny that the indorsement was properly made, or that a payment was in fact made, and that the orator may avail himself of this under the issue formed by his replication to the defendant's answers. The holders of the note had a right to rely upon the indorsement as such an acknowledgment and recognition of the mortgage debt as would interrupt the running of the statute and keep alive their right of entry. Hassom intended they should so rely upon it. He placed the indorsement upon the note and signed it for that purpose. It would have been fraud in him to assert what his previous conduct and admission had denied, when others had acted on the faith of such conduct and admission. *Hicks & Co.* v. *Cram et al,* 17 Vt. 449 ; *Burton* v. *Stevens, supra ; Hickok*

v. *Farmers' & Mechanics' Bank et al*, 35 Vt. 476 ; *Shaw* v. *Beebe et al*, 35 Vt. 205 ; *Manufacturer's Bank of Troy* v. *Scofield*, 39 Vt. 590; *Wheeler* v. *Willard*, 44 Vt. 640 ; *Montpelier and Wells River Railroad Co.* v. *Langdon*, 45 Vt. 137 ; *Soper* v. *Frank*, 47 Vt. 368.

In the case of the *Utica Insurance Co.* v. *Bloodgood*, 4 Wend. 652, the defendant signed a writing in these words, " I hereby agree not to plead the statute of limitations,'' and it was held that he was estopped from availing himself of the statute.

In *Stearns* v. *Admr. of Stearns*, 32 Vt. 678, the defendant agreed " that he would not take advantage of the statute of limitations on the note ;" and it was held a sufficient acknowledgment to take the note out of the operation of the statute, and that the agreement need not be pleaded by way of estoppel, but could be shown under the issue formed by traversing the plea.

The payment thus indorsed and signed by Hassom had the effect to repel the presumption of payment and keep alive the right of entry, not only against him but also against all others having an interest in the equity of redemption. *Hollister* v. *York et al*, 59 Vt. 1 ; *Barrett, Admr.* v. *Prentiss et al*, 57 Vt. 297 ; *Tupper and Potter* v. *Rider and Wife*, 61 Vt. 69 ; *In re Chickering*, 56 Vt. 82.

In 2 Jones on Mortgages, sec. 1198, it is said, that, where several persons are interested in the equity of redemption, a payment by one of them keeps alive the right of entry, not only against him but also against all other owners of the equity. In *Barrett, Admr.* v. *Prentiss et al, supra*, partial payments were made by the maker of the notes and mortgage after he had sold and quit possession of the premises, and it was held that this rebutted the presumption of payment, not only as to him but to all others who were grantees under him.

If Naomi B. Hassom were a grantee of George P. Hassom, one of the mortgagors, she would be affected by the acknowl-

edgment thus made by him; and she is affected in no less degree by reason of being herself one of the mortgagors. But she claims that in equity she should be regarded as surety for the payment of her husband's note, and that, under our statute (R. L. sec. 976) relating to joint contractors, she is not affected by the payment or acknowledgment made by him. By joining with her husband in a mortgage of her real estate to secure his debt, she did not become a joint contractor.

She incurred no personal liability by so doing. The statute referred to has reference to parties incurring a personal liability and has no reference to a right of entry into houses and lands. The effect of the mortgage was to convey the premises conditionally to the mortgagees, and their right of entry could be defeated only by an actual payment of the mortgage debt, or by lapse of time sufficient to raise a presumption of payment. George P. Hassom was the husband of the owner of the mortgaged premises, and was, by reason of this relation, interested in the equity of redemption. He was also the only party personally liable for the payment of the mortgage debt, and he having within fifteen years recognized and acknowledged the same as unpaid, the presumption of payment is rebutted, and the case is one in which the law does not presume that the mortgage debt has been paid.

*Decree affirmed and cause remanded.*