# STATE TRUST CO.

## v.

# JOHN A. SHELDON ET ALS.

OCTOBER TERM, 1895.

*Statute of limitations.    Written agreement to waive binding.*

1.  A law cannot be modified by agreement, but where no public principle is involved, parties may forego the protection of the law.
2.  The statute of limitations is not a regulation of public policy, but for the benefit of individuals, and an agreement to waive it, made as a part of a promissory note, is binding.

Assumpsit upon a promissory note. Plea, the statute of limitations. Replication, that the defendants agreed in writing to waive the statute. Rejoinder, that the defendants did not so agree within six years before suit brought. Demurrer to rejoinder. Heard on demurrer at the March term, 1895, Rutland County, THOMPSON, J., presiding. Demurrer sustained, *pro forma*, and judgment for the plaintiff. The defendants except.

*J. C. Baker* and *Edward Dana* for the defendants.

The Vermont cases regard a promise to waive the statute of limitations as a new promise, which must be made within

six years. No estoppel to plead it arises from the agreement. *Shepley* v. *Abbot*, 42 N. Y. 443.

*F. D. White* and *C. A. Prouty* for the plaintiff.

The statute of limitations is for the repose of individuals, and not a regulation of public policy. Maxwell, Interp. Sts., 2d ed., 474; Sedgwick, Const. Law, 2 ed., 87, and 109; Her., Est., and Res Jud. s. 825; Enlich, Interp. St., s. 444; Hardcastle, Constr. and Effect of Statutory Law, pp. 285 and 289; Buswell, Lim. p. 68.

The defendants are bound by their agreement to waive statute. *Quick* v. *Corliss*, 39 N. J. L. 11; *Benton* v. *Stevens*, 24 Vt. 131; *Warren* v. *Walker*, 23 Me., 453; *Bloodgood* v. *Utica Ins. Co.*, 4 Wend. 652; *Allen* v. *Webster*, 15 Wend. 289; *Lade* v. *Trill*, 6 Jurist, 272; *Gardner* v. *McMahon*, 3 Ad. and El. (N. S.) 561.

THOMPSON, J. As a part of the promises and undertaking in the declaration mentioned, and at the time of making the same, the defendants agreed in writing to waive the statute of limitations in respect to such promises and undertaking. Relying upon this agreement the plaintiff did not bring its action until more than six years from the time that it accrued. The question presented by the pleadings is whether the defendants are estopped by the agreement from pleading the statute of limitations in bar of plaintiff's action.

It is urged that the agreement to waive the statute is void because by private agreement it seeks to avoid a statute, and is against public policy.

The general rule is, that no contract or agreement can modify a law, but the exception is, that where no principle or public policy is violated, parties are at liberty to forego the protection of the law. Statutory provisions designed for the benefit of individuals, may be waived, but where the enactment is to secure general objects of policy or morals,

no consent will render a non-compliance with the statute effectual.    The statute limiting the time within which actions shall be brought is for the benefit and repose of individuals and not to secure general objects of policy or morals.    Its protection may, therefore, be waived in legal form by those who are entitled to it, and such waiver, when acted upon, becomes an estoppel to plead the statute.    Sedgw. Stat. and Const. Law, (2d ed.), 86–87; *Quick* v. *Corliss*, 39 N. J. L., 11; *Burton* v. *Stevens*, 24 Vt. 131; *Gay* v. *Hassom*, 64 Vt. 495; *Random* v. *Tobey*, 11 How. (U. S.) 493. When such waiver is made it is continuous, unless by its terms it is limited to a specified time.    There was no such limitation in the waiver of the defendants.    We, therefore, hold that they are estopped from the pleading the statute of limitations in bar of plaintiff's actions.

*Judgment affirmed and cause remanded for assessment of damages.*