## APPEAL OF WARNER SUGAR REFINING CO.

Docket No. 2108.   Submitted October 6, 1925.   Decided April 21, 1926.

> Upon the evidence *held,* that the assessment by the Commissioner on March 31, 1924, of a deficiency in respect of the tax for the calendar year 1917 was not barred by the statute of limitations.

*Daniel H. Morgan, Esq.,* for the taxpayer.
*Ward Loveless, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the calendar year 1917 in the amount of $110,-583.55.   The issue is whether under the limitation imposed by the Revenue Act of 1917, and under the waiver filed by the taxpayer on February 18, 1921, of any and all statutory limitations as to time within which assessments based upon its liability for income and profits tax for the calendar year 1917 might be entered, the right of the Commissioner to assess the amount of $110,583.55 had expired before the same was assessed in March, 1924.

The Commissioner moved to dismiss the appeal upon the ground that the Board is without jurisdiction to determine the issue raised.

### FINDINGS OF FACT.

The taxpayer is a New Jersey corporation with principal office at New York City.   It filed an income and profits-tax return for the calendar year 1917 showing a net income of $2,125,782.39, and paid a tax of $611,604.23.   Upon an office audit an additional assessment of $15,054.39 was made in 1919.   Thereafter, the Commissioner examined taxpayer's books of account and, in January, 1921, advised it that he proposed to assess a further additional tax of $403,766.42, whereupon, in protest of the proposed assessment, taxpayer filed an application for assessment of its profits tax under the provisions of section 210 of the Revenue Act of 1917.   On January 12, 1921, the Commissioner mailed the following letter to the taxpayer:

WARNER SUGAR REFINING CO.,
    *79 Wall St., New York, N. Y.*

SIRS: Assessment of additional income and profits taxes as the result of the audit and verification of returns for the taxable year 1917 must be made by the Commissioner of Internal Revenue, under the law, within three years after the due date for filing the returns therefor.   Unless such assessments are made in the cases of 1917 calendar-year returns, before March 1, 1921, collection can be enforced only by suit, unless the taxpayers execute waivers of their rights under this provision of the law.

In this situation, it will be necessary in order to protect the interest of the Government to audit every 1917 return and to make assessment before March

1, 1921, of all additional taxes which may appear to be due, unless waivers are executed and filed by the taxpayers with this Bureau.

The officers of the Income Tax Unit are reluctant to proceed with the speed necessary to audit all 1917 returns before March 1, 1921, because the result inevitably would be to impose assessments based on more or less superficial determinations of the true liability. It would be very much better, in the judgment of these officials, both for the Government and for the taxpayers, to permit the orderly completion of the present program of thorough and intensive audit work. In this opinion several members of representative industries, whose advice has been sought by the Bureau, concur. It is the view that the general filing of waivers by the taxpayers will be conducive of the most accurate and fair adjustment of the tax liability in each instance.

You are therefore requested to execute and return to this office the enclosed form of waiver and to take this action as promptly as possible in order that plans of the Bureau for auditing the 1917 returns may not have to be changed on account of uncertainty as to the disposition and intention of taxpayers with respect to this request.

Respectfully,

[Sgd.]     G. NEWTON,
*Deputy Commissioner.*

In response to this letter the taxpayer executed and mailed to the Commissioner the following waiver:

*Warner Sugar Refining Co.*, a corporation organized under the laws of the State of ——, in consideration of the assurance given it by officials of the Income Tax Unit of the Bureau of Internal Revenue that its liability for all Federal taxes imposed by the Act of Congress, approved October 3, 1917, for the year ended December 31, 1917 on its net income received from all sources in said year, shall not be determined except after deliberate, intensive and thorough consideration, hereby waives any and all statutory limitations as to the time within which assessments based upon such liability may be entered. It is understood, however, that the above corporation does not, by the execution of this waiver, admit in advance the correctness of any assessment which may be made against it for said year by the officials of the Income Tax Unit.

Executed this 18th day of February, 1921.

(Signed)     WARNER SUGAR REFINING COMPANY,
*Corporation.*

By W. WARNER, *Vice-President.*

[CORPORATE SEAL.]
Attest:
    R. W. BELL, *Secretary.*
Approved:
        D. H. BLAIR, *Commissioner of Internal Revenue,*
                            *Jan. 31, 1923.*

Thereafter, the Commissioner determined the taxpayer's net taxable income for the year to be $2,431,250.24, which is admitted by the taxpayer to be correct. The Commissioner granted the taxpayer's application for assessment of its profits tax under the provisions of section 210; determined a profits tax of $626,776.31 and a total tax liability for the year of $735,073.36, or an additional income and profits tax of $108,414.74. On April 27, 1923, the taxpayer was

advised of this computation and granted 30 days within which to appeal under the provisions of section 250 (d) of the Revenue Act of 1921. An appeal was filed by the taxpayer and, after consideration thereof by the Commissioner, he made no change in the amount of the tax, and the additional tax of $108,414.74 was assessed in March, 1924, and was subsequently paid by the taxpayer. On March 31, 1924, the Commissioner reexamined taxpayer's application for assessment of its profits tax under section 210 and concluded that he had made a mistake in his determination. Accordingly, on that date, he assessed a further additional tax of $110,583.55, of which he advised the taxpayer by letter as follows:

IT*E*SM                                        TREASURY DEPARTMENT,
CDL–7809                                    *Washington, Mar. 31, 1924.*

WARNER SUGAR REFINING COMPANY,
    *79 Wall Street, New York, N. Y.*

SIRS: Reference is made to your income and excess profits tax returns Forms 1031 and 1103, for the calendar year 1917 and to office letter dated April 27, 1923, wherein you were advised of the determination of your tax liability for that year under the provisions of Section 210 of the Revenue Act of 1917, resulting in an additional tax of $108,414.74.

A reexamination has been made of your application for assessment of your excess profits tax under the relief provisions of the Revenue Act of 1917, together with all other evidence in the case, and you are advised that the above-mentioned determination of your tax liability was erroneous.

A correct computation of your tax liability under Section 210 of the Revenue Act of 1917 has been made, disclosing a further additional tax for that year which will be listed immediately, without giving the usual thirty-day notice, as provided in Section 250 (d) of the Revenue Act of 1921. A detailed computation of the amount of this additional assessment is shown in the attached statement.

The Bureau will, therefore, entertain a claim in abatement if filed within ten days of receipt of notice and demand from the Collector of Internal Revenue for your district in accordance with the provisions of Article 1006, Regulations 62.

An appeal covering the basis of the claim should be filed setting forth in full all information upon which you base your protest against the above assessment and any additional facts in support of your claim for the application of the relief provisions of the Revenue Act of 1917. This appeal should be filed in triplicate and should be addressed to the Commissioner of Internal Revenue for the specific attention of IT*E*SM; CDL–7809.

If an appeal is not filed, under no circumstances should payment be made until a bill is received from the Collector of Internal Revenue for your district and remittance should then be made to him.

    Respectfully,

                                        [Sgd.]      J. G. BRIGHT,
                                                 *Deputy Commissioner.*

The statement attached to the above-mentioned letter is as follows:

STATEMENT

In re: Warner Sugar Refining Company, 79 Wall Street, New York, N. Y.

| | | |
|---|---:|---:|
| Excess Profits Tax, at 30.62% | | $744, 448. 82 |
| Net Income | $2, 431, 250. 24 | |
| Less: Excess Profits Tax | 744, 448. 82 | |
| Taxable at 2% and 4% | 1, 686, 801. 42 | |
| Tax at 2% | | 33, 736. 03 |
| Tax at 4% | | 67, 472. 06 |
| Total Tax Liability | | 845,656. 91 |
| Tax Assessed: | | |
| Original Assessment, Serial #11757834 | $611, 604. 23 | |
| Additional, August 1919, page 96, line 8 | 15, 054. 39 | |
| Additional, August 1923, page 19, line 2 | 108, 414. 74 | |
| Total | | 735, 073. 36 |
| Additional Tax | | 110, 583. 55 |

Pursuant to the Commissioner's letter, the taxpayer filed a claim for the abatement of the assessment of $110,583.55. On December 26, 1924, the Commissioner mailed the following letter to the taxpayer:

WARNER SUGAR REFINING COMPANY,
          *79 Broadway, New York, N. Y.*

SIRS: Reference is made to your corporation income and excess profits tax return for the calendar year 1917.

You are advised that the Solicitor of Internal Revenue in Recommendation No. 161, dated August 1, 1924, has sustained the action of the Income Tax Unit in reopening and reconsidering your return for 1917 under the provisions of Section 210 of the Revenue Act of 1917 and assessing an additional tax of $110,583.55.

The recommendation, as approved, states in substance (a) that the Commissioner of Internal Revenue may assess any tax found to be due even though said tax may have previously been erroneously abated or refunded, provided such assessment is made within the time prescribed by Statute, and (b) that the comparatives used in the revised data sheet are in the aggregate fairly representative of this taxpayer in all of the material particulars specified in the Act, and that the percentage of final tax to net income shown by the revised data sheet is fair both to the taxpayer and to the Government.

In accordance with the above conclusions, your claim for the abatement of $110,583.55 will be rejected.

Any further communication relative to this case should bear the symbols IT: E: SM–CDL–7809.

          Respectfully,

                    [Sgd.]      J. G. BRIGHT,
                              *Deputy Commissioner.*

From the action of the Commissioner, as disclosed by the above letter, the taxpayer appealed and assigned as the only error that the Commissioner was without legal authority to assess and collect the $110,583.55.

## OPINION.

LITTLETON: This appeal does not contest the correctness of the net taxable income, nor does it allege that the Commissioner committed an error in his determination of the deficiency for the year 1917, but alleges that the Commissioner was without legal authority in March, 1924, to assess or collect the deficiency of $110,583.55. The Commissioner moves to dismiss the appeal upon the ground that the Board is without jurisdiction to determine the issue raised.

The Board has jurisdiction to decide the question of whether the assessment was barred by the statute of limitations. *Appeal of the National Refining Co. of Ohio*, 1 B. T. A. 236. See sections 283 (f) and 906 (e) of the Revenue Act of 1926.

It is the contention of the taxpayer that the Commissioner was without legal authority to assess the deficiency of $110,583.55 in March, 1924, by reason of the fact that the three-year period of limitation within which he was authorized by the statute (Revenue Act of 1917) to make assessments against it of additional tax for the calendar year 1917 had expired and that his authority to determine and assess the amount of $110,583.55 had expired under the waiver executed by it on February 18, 1921. In other words, it is the position of the taxpayer that the waiver of the statute of limitations had expired when the Commissioner made the assessment of $108,414.74 in March, 1924.

The time within which the Commissioner was authorized to assess the tax here in question was governed by section 14 (a) of the Revenue Act of 1916. That Act contained no express provision that the time within which the Commissioner could assess the tax might be extended or waived by the taxpayer. However, the taxpayer, in consideration of the assurance given it by the Commissioner that any tax which might be due for the calendar year would be assessed only after deliberate and careful consideration, expressly waived its right to insist upon any assessments in respect of its 1917 tax being made within the period prescribed by the statute. The taxpayer could effectively waive verbally or in writing its right to insist upon assessments being made within the statutory period of limitation. *Randon* v. *Toby*, 11 How. 493; *State Loan & Trust Co.* v. *Cochran*, 130 Cal. 245; 62 Pac. 466; *Wells, Fargo & Co.* v. *Enright*, 127 Cal. 669; 60 Pac. 439; *Bridges* v. *Stephens*, 132 Mo. 524; 34 S. W. 555; *State Trust Co.* v. *Sheldon*, 68 Vt. 259; 35 Atl. 177; *Ennis* v. *Pullman Palace-Car Co.*, 165 Ill. 161; 46 N. E. 439; *Holman* v. *Omaha & C. B. Ry. & Bridge Co.*, 117 Iowa, 268; 90 N. W. 833; *Shutte* v. *Thompson*, 15 Wall. 151.

There is no provision in the various Revenue Acts which provides that the Commissioner may not make more than one assessment in respect of the tax for any year, and we find no reason for holding in this appeal that, when the Commissioner assessed the amount of $108,414.74 as an additional tax for 1917, after a hearing granted to the taxpayer pursuant to the provision of section 250 (d) of the Revenue Act of 1918, he was thereafter prohibited from making a further determination and assessment of an additional amount under the law within the time prescribed by the statute, or if that limitation is waived, under the terms of such waiver. In the *Appeal of Dallas Brass & Copper Co.*, 3 B. T. A. 856, the Board said:

It has long been recognized, both by the Commissioner and all of his predecessors, as well as taxpayers generally, that reconsiderations of liability to internal-revenue taxes were both proper and lawful. * * *. The principle or rule of law to the effect that reconsiderations and adjustments of tax liability can be properly made seems to have been recognized by Congress. [Citing sections 1309 and 1312, Revenue Act of 1921.]

In considering the matter of the determination of overassessments, credits, refunds, and interest, the court, in the case of *Girard Trust Co.* v. *United States*, 270 U. S. 163, decided March 1, 1926, said:

To have made the interest calculable to the date of actual payment would have led to uncertainty and confusion, as the Comptroller General indicates, and it was doubtless for that reason that Congress qualified its desire to pay interest for the exact time during which the money was detained to a date which was practical from an administrative standpoint. Nor does the fact that pending the carrying out of the direction of the Commissioner of Internal Revenue to make the refund, he might reverse himself, change the finality of his decision allowing the refund. If he does so, the date fixed as the date of the allowance under the section is changed of course, but the mere fact that he can reverse a final allowance does not prevent its being a final allowance, any more than when a court renders a judgment, its ability within the term to set it aside or change it affects its finality, if it is not changed. We think, therefore, that the words " to the date of such allowance " do not carry interest to be paid on refunds down to the time of payment.

This brings us to the question of whether the waiver filed by the taxpayer on February 18, 1921, expired prior to the assessment of $110,583.55.

This question must be determined from the language of the waiver executed by the taxpayer and the evidence concerning the same. The original waiver signed by the taxpayer, by its vice president, and bearing the corporate seal, provides that—

In consideration of the assurance given it by the officials of * * * the Bureau of Internal Revenue that its liability for all Federal taxes * * * for the year ended December 31, 1917, on its net income received from all sources in said year, shall not be determined except after deliberate, intensive and thorough consideration, hereby waives any and all statutory limitations as to the time within which assessments based upon such liability may be entered. It is understood, however, that the above corporation does not, by

the execution of this waiver, admit in advance the correctness of any assessment which may be made against it for said year * * *.

It will be noted from the above that this taxpayer waived any and all statutory limitations as to the time within which *assessments* might be made of all Federal taxes for which it was liable upon its net income received from all sources during the calendar year 1917. It had a right to decline to execute this waiver and to insist upon assessments in respect of any tax for that year being made within the statutory period, and in executing the same it had a right to include therein any condition it thought proper and, if accepted by the Commissioner, he would have been bound by its provisions. This waiver was executed after conferences between the officers of the company and its counsel, and the only condition contained in the waiver is that the officers of the Bureau of Internal Revenue should not determine the corporation's liability for tax except after deliberate, intensive, and thorough consideration, and that it did not admit in advance the correctness of any assessment which might be made against it for the year 1917. No limitation was specified in the waiver as to the time beyond the statutory period within which the Commissioner might make assessments based upon the net income of the corporation for the year 1917. The language "within which assessments * * * may be entered" is subject only to the interpretation that more than one assessment was contemplated. No notice was ever served upon the Commissioner by the taxpayer prior to the assessment of the amount here in controversy as to when it would regard the provisions of the waiver as having been fully complied with by both parties and become inoperative.

On November 11, 1922, and January 6, 1923, before the audit had been completed and before any assessment in respect of the additional tax for 1917 had been made, and while the Commissioner and the taxpayer were engaged in conferences in respect of its tax liability for that year, the Commissioner submitted to the taxpayer a form of written waiver of limitations provided in section 250 (d) of the Revenue Act of 1921. Upon the receipt of this blank the taxpayer's counsel handed it to the representative personally engaged in conferences with the Commissioner respecting the tax and advised that the outstanding waiver was sufficient authority for the Commissioner to proceed. Conferences were thereafter had upon the taxpayer's contention between the Commissioner and its representatives and on April 23, 1923, the Commissioner, proceeding under the authority of the original waiver and the provisions of the Revenue Act of 1921, mailed the taxpayer a letter setting forth that, as a result of conferences with the Income Tax Unit, an additional tax of $108,414.74 was disclosed, and advised it that, under the provisions

of the Revenue Act of 1921, 30 days would be granted for the filing of an appeal to be heard by the agency designated by him for that purpose. Such an appeal was filed by the taxpayer and conferences were thereafter held thereon and the amount of $108,414.74 was subsequently assessed. Upon reconsideration of his action the Commissioner decided that he had made a mistake in the assessment of $108,414.74 in respect of the amount of the profits tax computed under the provisions of section 210 of the Revenue Act of 1917, and on March 31, 1924, he made a further assessment of $110,583.55 and advised the taxpayer on the same date that a claim for abatement of all, or a portion thereof, would be entertained, and that an opportunity would be afforded to contest the correctness of the amount assessed. The taxpayer availed itself of this privilege, filed a claim for the abatement of the amounts so assessed, and had various conferences with the Commissioner concerning the same between that time and December 26, 1924, when the Commissioner rendered his decision that the claim should be denied. From this decision the taxpayer appeals.

Under the language of the waiver and all of the evidence in the appeal, the Board is of the opinion that the Commissioner had authority to make the assessment of $110,583.55 and that his assessment thereof was in all respects legal.

*The deficiency is $110,583.55. Order will be entered accordingly.*

JAMES concurs in the result only.

On reference to the Board, STERNHAGEN concurs in the result only.

PHILLIPS dissents.